The judgment of the court was pronounced by
Rost, J.
At the syndic’s sale of the property of the insolvent in 1837, John McDonough purchased a tract of laud. Other persons having set up claims to a portion of this land before the sale, one of the conditions of the adjudication was, that the notes to be given, should be deposited in bank by the syndic, subject to the order of the court, until the claimants had caused their rights to be determined contradictorily with J. B. Degruy, the insolvent, and the syndic of his creditors.
*40 By a subsequent agreement a joint deposit of the notes was made in the Citizens’ Bank by the syndic and McDonough, and the said notes or their proceeds were to be withdrawn by the syndic, when thereunto authorized by an order of court, taken contradictorly with McDonough, after the right of the claimants should have been determined and disposed of.
The notes were paid at maturity; and after suffering the proceeds of them to lay in bank for ten years, the syndic applied to the court to withdraw them. But on appeal this application was dismissed, on the ground that the claims adverse to the title of the insolvent had not been judicially determined according to agreement.
The syndic then instituted an action of slander of title against the widow and heirs of Lavergne, the executor of George B. Milligan, and Durel and Tricon, who were originally the adverse claimants. All these parties appeared and disclaimed any right, title, or interest, in or to the land purchased by McDonough. Upon that disclaimer a judgment intervened, decreeing that McDouough be quieted in his possession and title, and enjoining the defendants to desist from all claim or pretensions to the land.
No appeal has been taken from that judgment, and the syndic has taken a second rule upon McDonough and the Citizen’s Bank, to show cause why the Bank should not be compelled to deliver to him the deposit, without producing the duplicate receipt held by McDonough. Upon hearing, the rule was made absolute, and McDonough; appealed.
His counsel urges that the condition in the act of sale was that the claimants should cause their rights to be determined contradictorily with J. B. Degruys, and the syndic of his creditors, and that as no proceedings have been had with or against Degruy, the condition has not been complied with.
We are of opinion, that in the form of action resorted to it would have been doing a vain thing to make Degruy a party. The agreement in the sale was evidently entered into under the belief that the claimants themselves were about to institute proceedings for the land. Had they done so, and denied the right of the insolvent to surrender it, it would have been proper to make him a party; but when the syndic sues in affirmance of the surrender, he exercises for the benefit of the creditors all the rights of the insolvent, who, so long as his debts are unpaid, has no interest in the property surrendered.
The other grounds assigned for a reversal of the judgment are, that the tutrix of the minor Lavergne had no right to disclaim title for him, and that there is no authority found in the record from Charles Olivier to his wife to appear in court.
We are not prepared to say that a tutor may not lawfully disclaim for his ward, when the claim is utterly without foundation, and the prosecution of it would involve the minor in expensive and fruitless litigation; but as there is nothing in the record to show that all the proceedings, documents, and testimony in the jactitation suit are before us, we cannot enquire into this and the other ground of defence alleged.
The judgment is therefore affirmed, with costs.