## No. 4900.

### THOMAS FAWCETT v. W. D. PETERSON et als.

In this suit on an open account, the plea of prescription is set up by the defense. On its face the account is prescribed, but it is alleged that before prescription accrued it was acknowledged. The evidence of this interruption is the testimony of the plaintiff, in which he refers to a letter of the agent of one of the defendants, J. M. Peterson, now deceased. This evidence was inadmissible to prove an interruption of prescription against the succession of J. M. Peterson. Besides, as to the letter above referred to, it is rather a negation than an acknowledgment of indebtedness.

APPEAL from the Second District Court, parish of Orleans. *Tissot, J. H. J. Grover,* for plaintiff and appellee. *Bentinck Egan,* for defendants and appellants.

LUDELING, C. J. This is a suit on an open account. It will be necessary only to examine the plea of prescription. On its face the account is prescribed, but it is alleged that before prescription accrued it was acknowledged. The evidence of this interruption is the testimony of the plaintiff, in which he refers to the letter of defendant, which we will notice hereafter. This evidence was inadmissible to prove an interruption of prescription against the succession of Peterson. Acts of 1858, p. 158, art. 2278 C. C.

The language of the letter written by the agent of J. M. Peterson, which is relied upon to prove a payment and therefore an acknowledgment of the debt, is as follows: "I succeeded in collecting ten per cent. of amount due you on your old claim of Jacob Barker, which you will find inclosed." It would be very difficult to distort this language into an acknowledgment of a debt due by Peterson, or to prove a payment by him of a debt acknowledged to be due by him.

It seems that J. M. Peterson was the agent of Fawcett at New Orleans, and also a member of the firm of W. D & J. M. Peterson at Baton Rouge, which owed the account sued upon, and that he claimed to have acted as the agent of Fawcett in transmitting to him, by a bill of exchange, funds remitted by the firm in payment of said account,

and that the loss, if any, in consequence of the dishonor of the bill, must fall upon his principal. In this letter he informed Fawcett that he had collected for Fawcett ten per cent.—a dividend declared—on Fawcett's claim on account of said dishonored bill, and which he transmitted to Fawcett. Certainly this letter negatives the idea that Peterson considered himself bound to Fawcett, and can not be construed into an acknowledgment of the debt, or of a payment by him of a debt due by himself.

It is therefore ordered and adjudged that the judgment of the lower court be annulled, and that there be judgment in favor of the defendant and against the plaintiff, rejecting his demands with costs.