BREAUX, C. J,
Plaintiff claims the value of 135 acres of land, and the value of timber cut thereon, both estimated at $2,337.50.
If that be not allowed, in the alternative, he asks for judgment in the sum of $500, amount asserted to have been paid for the land at the time of its alleged fraudulent transfer.
Plaintiff charges that, some time in 1900, one of the defendants fraudulently imposed upon him and induced him to sign an instrument of writing, and the result was that he signed away this land to the other defendant, Clark.
He says that his intention was in signing the instrument to make final proof, to the end of completing the homestead entry of the land in question before one of the defendants, Whittington, who was a United *554 States commissioner authorized to receive the affidavit and signature of an affiant.
That this officer induced him to believe that in thus signing he was signing a paper necessary to complete his homestead entry.
Plaintiff charges that the asserted vendee of the purported sale — the other defendant, Clark — participated and took part in the fraud upon his rights and in the "frame-up” gotten up for the occasion.
We are informed by the petition of the plaintiff that the property has passed into the hands of others without notice.
Plaintiff urges that he is poor, and that he scarcely knows how to read and write, and has been for years partially paralyzed.
The deed, it is stated by plaintiff, shows a price of $500, which the commissioners did not turn over to him.
That is the amount for which plaintiff asks for judgment in the alternative, as before stated.
The defendant sought to obtain from the court an order to compel the plaintiff to elect as to which of his demands above stated lie desired to prosecute, since one was inconsistent with and contrary to the other.
This motion of defendant was overruled by the court.
Defendant pleaded the prescription of one year as a bar to plaintiff’s recovering the $2,337.50 claimed, and as to that amount the suit was dismissed, and plaintiff’s alternative demand for $500 remained as part of plaintiff’s suit, to be considered and decided hereafter.
Plaintiff appealed.
Inconsistent Demand Urged on Appeal Not Sustained.
The defendant, assuming in argument that the petition, claiming damages for fraudulent appropriation of property and alleged unfaithfulness of the commissioner in drawing the instrument of conveyance of the property, and, in the alternative, claiming the purchase price of the sale of the identical property, contains inconsistent demands, urged that the motion, overruled in the district court, showing the inconsistency, should be sustained in this court.
In the first place, in considering this point, it becomes necessary to state that appellee' has not answered the appeal. It follows that he has not prayed for an amendment of the judgment of the district court.
For the purposes of this appeal, appellee must be held committed to the legality and correctness of the judgment rendered. He cannot have it changed.
We will not sustain the position of appellee, which could only have for effect — if sustained — the setting aside or amending of the judgment.
Were we to sustain the position of appellee, that would be the only possible effect.
As relates to appellee, the judgment must remain as written.
Plea of Prescription of One Year.
Plaintiff charged defendant with having committed a quasi offense. Defendant pleaded the prescription of one year as a bar to plaintiff’s claim.
Plaintiff, in seeking to get rid of the effect of this plea, argued that he did not charge the defendant with having committed a quasi offense,1 but that his act amounts to a quasi contract, for which he can be held, after 12 months have elapsed.
We have not found it possible to agree with the latter view.
Our reasons are that the petition denounces a quasi offense.
Plaintiff urges a liability without a convention to give it being.
It arises from the facts, independently from the exercise of the will on the part of the one imposed upon.
If the commissioner or notary was an ac *556 complice in a fraud, there can be no doubt it was a delictual offense, and falls within those definitions of the Code relating to quasi offenses, and it follows the following article cited is a bar to recovery:
“Actions resulting from offenses or quasi offenses are prescribed by one year.” Article 3536, Civ. Code.
The date of the offense is the date from which it begins to run. Civ. Code, art. 3537.
That is, the date from which the damage was sustained.
This was near 10 years ago.
To return to' the proposition that the alleged fraud constituted a quasi delict, a civil wrong:
The offense described in plaintiff’s petition is beyond question a tort.
In no instance, where the question has come up for decision, has it been decided that if an official proves himself unfaithful, under circumstances such as here alleged, he is not guilty of at least a quasi offense.
The officer, if he avails himself of his position to commit such a wrong as that charged, cannot be held to the mere violation of a quasi contract.
If the notary or commissioner is not loyal to his client, or the one who trusts him with drawing an act, it becomes a serious question, which cannot be classed as less than a quasi offense, if the facts and circumstances are as they are here alleged.
In ordinary cases, where no officer was charged with a wrong, but private persons, ■this court has said that the violation of a general duty is a misappropriation of property.
One who, though not an officer, takes and appropriates to his own use the property of. another without any legal claim whatever, is liable. Wiggins v. Guier, 13 La. Ann. 358; Lutz v. Forbes, 13 La. Ann. 609; Burch v. Willis, 21 La. Ann. 492; Williams v. Greiner, 20 La. Ann. 161; Wood v. Harispe, 26 La. Ann. 511; Gardiner v. Succession of Scherer, 31 La. Ann. 527; Knoop-Hannemer & Co. v. Blaffer, 39 La. Ann. 23, 6 South. 9; New Orleans v. Southern Bank, 31 La. Ann. 566.
That being the conclusion in the cited cases, how much more conclusive are the articles of the Code when the charge is directed against an officer, if he be guilty as charged?
Notaries and those exercising similar functions in offices are responsible if the fault committed is fraudulent.
There is doctrine direct in point—
“en ce qui concerne particuliSrement les officiers ministeriels * * * ranger dans la catégorie des délits et quasi délits les fautes par eux commises dans l’exercice de leur fonctions. * * * ”
Again:
“L’obligation naít done d’un fait illicite, personnel :1 celui qui est obligé, et Ton peut le ranger dans la classe des obligations ex delicto ou quasi ex delicto suivant la nature de 1’infrac-tion.” Sourdat, vol. 1, p. 4, De la Responsabilité personnelle.
It would be different were the officer acting as the agent of the party in a transaction.
The allegation of the petition is, in accordance with the settled rule, taken as true for the time being.
The brief states that sufficient of the suit remains in court to enable the defendants to prove the contrary of that which is charged.
We cannot refrain from stating that it is a consummation to be desired.
Judgment affirmed.