On Rehearing.
MONROE, J.
Defendants (the defendant not named in the title being the Yazoo & Mississippi Talley Railroad Company) filed exceptions of misjoinder, no cause of action and prescription (of one and three years), and the district court maintained • the exceptions (without specification) on the face of the papers, an.d dismissed the suit, from which ruling plaintiff appealed. On the former hearing in this court, it was held that the prescription of one year was well pleaded as to a certain aspect of the case, and the exception of no cause of action as to other aspects.
The petition, after alleging that the city of New Orleans had granted to the Southern Chemical Company rights of way, with the privilege of operating switch tracks, through certain streets, that said company, owning and operating such tracks, had conveyed the same, together- with said rights and privileges, to petitioner; and that the conveyance had been ratified and approved by the city of New Orleans, proceeds as follows:
“Your petitioner further shows that the defendant railroad companies, without the permission of your petitioner, * * * have taken possession of the rights of way and the switch track privileges and other property belonging to your petitioner, and are constantly using the same, with great profit to themselves and to the loss and detriment of your petitioner ; that, notwithstanding the protests and complaints of your petitioner, the said defendant companies, tortiously and wrongfully continue in the use of your petitioner’s property, and tortiously and wrongfully prevent your petitioner from in any way using it, and refuse asid neglect to pay your petitioner the rental value thereof, though constantly negotiating with your petitioner and inducing your petitioner to believe that a settlement would be made. Your petitioner avers that a reasonable rental for the use of the switch track and all the rights and privileges pertaining thereto and all the other property of your petitioner would be $2,500 a year; that the defendants since the 16th • day of February, 1894, and up to the 16th ■ day of February, 1909, have occupied and operated a,nd used 'the property for a period of 15 years which at $2,500 a year amounts to $37,500; * * * *155 ^ B fl s P g; g; 2*o Qjrtf1 § ft P q © <t ST «■83 g g 8 “ ® ® Srt,'p0. 3 m 2 g b s 2 S sesw ggu. O 2 M. w« *"• ^ hi 2 fh inn; g-B B O (p Cu ft §a'%§5-*-*.B B B W § o © n 8 B ¿I b b B^ O 3 oq „ rt- , B * £
The relief prayed for is, first, a writ of .injunction (to be issued after hearing), restraining defendants from further using the property mentioned in the petition and prohibiting them from interfering with plaintiff’s use of the same; and, second, a judgment condemning defendants in solido in the sum of $37,500, with interest.
As the allegations of the petition negative all idea of an action ex contractu and fix the status of the proceeding as an action sounding in tort, the exceptions are to be considered from that point of view.
[3] The exception of misjoinder of defendants :
The general rule established by C. C. art. 2324, that “he who causes another person to do an unlawful act, or assists or encourages in the commission of it, is answerable, in solido, with that person for the damage caused by such act” is, impliedly, qualified by the equally general rule that “parties cannot be joined in a suit unless they have an identity of interest in its subject-matter.” Gross on Pleading, p. 13.
From which it follows that, when two or more persons, by independent acts, neither of them causing, assisting, or encouraging the act of the other, commit different torts, however similar or synchronous or both, there is no identity of interest between them, and they cannot be joined as defendants in the same suit for damages. Where, however, as in this instance, it is allegd that two persons have committed, and are committing, identically the same tort, the allegation, taken by itself and in the absence of evidence to the contrary, conveys the idea of co-operation between such persons, and hence of such identity of interest as upon the face of the papers to authorize their being joined? as defendants in an action for the recovery of the damages resulting from such tort. The exception of misjoinder should, therefore, have been overruled.
[4] The exception of “no cause of action.”'
Adhering to the view that the grantee of the franchise of a right of way for the construction and operation of a switch track upon a street in New Orleans would ordinarily have no right of action for the recovery from another person of “rent” eo nomine for the-use of the street, nevertheless, he is entitled to the protection of the law against unwarranted interference with his enjoyment of his franchise; and where, as in this instance, the grantee alleges that a third person has, without his permission, taken possession of such right of way and privilege and of the-switch track itself and other property owned by him, and tortiously, wrongfully, and' illegally holds such possession, to his entire-exclusion, and that a writ of injunction is necessary for his protection in the premises, we are of opinion that a cause of action for-the issuance of the writ is disclosed.
[5] In the opinion heretofore handed down,,, the court was led by the inartificial manner' in which the petition is drawn to conclude* that plaintiff is claiming “rent” for the use-of a public street, but, on a further consideration of the language used, we are satisfied! that such is not its meaning. By reference to the excerpt therefrom, heretofore given,, it will be seen that the petition alleges that:-
“Said defendant companies tortiously and wrongfully continue in the use, of your petitioner’s property, and tortiously and wrongfully prevent your petitioner from in any way using' it, and refuse and neglect to pay your-petitioner the rental value thereof.”
We have already held that the allegations; of the petition negative the idea of a suit on a contract, and fix the status of the action as one sounding in tort, and the complaint contained in the language above quot *157 ed is consistent with that ruling, since it is, not that defendants refuse and neglect to pay “rent,” but that defendants refuse and neglect to pay the value of the use of the property, including, not only the right of way and switch track privileges granted by the city, but the switch track, or tracks, of which plaintiff alleges that it is owner, and which were not granted by the city, which value is, in effect, alleged to be the value or “price” at which the property might be leased, if it were susceptible of being leased (for, be it noted, under our law, the consideration moving to the lessor for the use of his property, under the contract of lease, is called the “price” (C. C. art. 2669 et seq.), and the word “rent” is used only in connection with the peculiar contract (emphyteusis, in effect) provided for by C. C. art. 2778 et seq. It is true that plaintiff somewhat further along in its petition avers that a reasonable “rental” for the use of the switch track and all the rights “and privileges pertaining thereto and all the other property of your petitioner would be $2,500 a year,” but in the prayer nothing is said either of rental value or rental, and for the reasons stated we think upon a fair construction of the whole petition the intention is merely to claim compensation for the damage resulting from the alleged tortious and unlawful use. and deprivation of the property based upon the value of such use, as determined in the manner in which such value is ordinarily determined in cases of property subject or susceptible to lease. The exception of no cause of action should therefore have been overruled.
[6] The exception of prescription of one year.
Upon this point the ease falls within the doctrine enunciated in the ease of De Lizardi v. N. O. Canal & Banking Co., 25 La. Ann. 414, in which it was held that, where a plantation belonging to one person is seized and detained under a writ of attachment issued against another, such seizure and detention constitute a quasi offense, and the claim for damages, which is barred by one year, includes that for all rents and revenues, save those arising during the year immediately preceding the filing of the suit, as, also, the claim for the value of sugar and molasses seized with the plantation. See, also, Shields v. Whitock & Brown, 110 La. 714, 34 South. 747.
The exception of the prescription of three years, as we have heretofore held, has m> application and was properly overruled.
For the reasons thus assigned, it is now ordered, adjudged, and decreed that the judgment heretofore rendered by this court be set aside; that the judgment appealed from be avoided and reversed; that the plea of prescription of one year be maintained, as barring plaintiff’s claim for any damage alleged to have been sustained more than one year prior to the service of citation herein; that the plea of prescription of three years be overruled; and that the exceptions of misjoinder and no cause of action be overruled. It is further decreed that this cause be remanded to the district court, to be there proceeded with according to law and to the views expressed in the foregoing opinion. It is further decreed that defendant pay the costs of the appeal, and that the costs of the district court await the final judgment.