Rivera, Plaintiff and Appellee, *v.* D. E. Cintrón, Ltd., Defendant and Appellant.

Appeal from the District Court of Mayagüez in an Action for Damages.

No. 1426.—Decided July 13, 1916.

Damages—Attachment—Third Person—Malice—Probable Cause.—When a plaintiff attaches real property recorded in the registry as belonging to a person other than his defendant, it is not necessary to prove malice or lack of probable cause in an action for damages brought by said person.

The facts are stated in the opinion.

*Mr. Juan Quintero* for the appellant.

*Mr. Rodolfo Ramírez Vigo* for the appellee.

Mr. Justice Hutchison delivered the opinion of the court.

Plaintiff, appellee, obtained judgment in the District Court of Mayagüez against defendant, appellant, for one hundred and two dollars, with interest, costs and disbursements, as damages resulting from the attachment of certain property of plaintiff, appellee, in a previous suit in which defendant, appellant, was plaintiff, and another person of the same name and surname as plaintiff, appellee, herein was defendant.

The complaint alleged damages in the sum of nine hundred dollars.

The only error assigned is that the judgment is not supported by the pleadings, nor by the facts, nor by the law. No authorities are cited and the whole argument may be summed up as an effort to sustain the proposition that defendant was not guilty of any malice, fraudulent intent, deliberate purpose to injure or gross negligence in levying the attachment, but proceeded in entire good faith and was simply mislead by the identity of names and surnames. The answer to the complaint affirmatively alleges that the defendant herein, plaintiff in the original action, did not proceed knowingly, wilfully, maliciously and without legitimate cause, with the deliberate intention to prejudice plaintiff, appellee, herein, and there is some testimony tending to sustain this averment.

The evidence shows, however, among other things, that the property attached was not vacant land but tenanted houses and lots in the city of Mayagüez, of record in the name of the true owner, who is married to Rosario Alvarez, while the wife of the defendant in the suit in which the attachment issued is Natalia Rodríguez, and that plaintiff in said suit, defendant, appellant, herein, by the exercise of ordinary care and diligence might readily have discovered who was the owner of the property attached, a fact which apparently would have been disclosed at once by the slightest inquiry or investigation or even by a careful reading of the entries found in the registry of property at the time of search preliminary to attachment.

Moreover, when the defendant firm was notified of the mistake, all it did was to telephone its agent and representative in charge of the litigation, who, by his own testimony, merely replied: "We will see about it, and in that event desist," and did nothing.

The same witness says that the next day he told other

parties who came to see him about the same matter that if their representations were true he would present a motion to raise the attachment. Yet he did nothing more but waited several days for them to bring him the evidence of the facts as stated by them. After suit for damages was filed, there seems to have been no difficulty whatever in ascertaining the real facts and the attachment was vacated forthwith at the instance of defendant, appellant, herein.

It may be that, were this a suit for damages for wrongful attachment brought by the defendant in the litigation in which the writ issued, such plaintiff might have to show gross negligence or malice or want of probable cause, as to which see 2 R. C. L., p. 896, sections 111 *et seq.,* and specially sections 113, 117 and 121; 6 C. J., p. 493 *et seq.* But the case at bar stands upon a somewhat different footing. 6 C. J., p. 502, section 1188; *id.,* p. 373 *et seq.,* p. 409, section 937, p. 415, section 964, p. 417, section 969; *Edwards* v. *Turner,* 6 Rob. 382; *Lizardi* v. *New Orleans Canal & Banking Co.,* 25 La. Ann. 414.

The record shows no reversible error and the judgment appealed from must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.