RIVERA, DEMANDANTE Y APELADO, *v.* D. E. CINTRÓN, S. EN C.,
DEMANDADA Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Mayagüez
en causa sobre indemnización de daños y perjuicios.

No. 1426.—Resuelto en julio 13, 1916.

DAÑOS Y PERJUICIOS—EMBARGO DE BIENES DE PERSONA DISTINTA DEL DEMAN-
DADO—MALICIA O FALTA DE CAUSA PROBABLE.—Cuando un demandante em-
barga bienes inmuebles inscritos en el registro pertenecientes a persona
distinta de su demandado, no es necesario en una acción de daños y perjuicios
entablada por dicha persona probar malicia o falta de causa probable.

Los hechos están expresados en la opinión.
Abogado del apelante: *Sr. Juan Quintero.*
Abogado del apelado: *Sr. Rodolfo Ramírez Vigo.*

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del
tribunal.

El demandante y apelado obtuvo sentencia en la Corte
de Distrito de Mayagüez contra el demandado y apelante por
la suma de ciento dos dólares, con intereses legales, costas
y desembolsos, en concepto de daños provenientes del em-
bargo que fué trabado en cierta finca del demandante y ape-
lado en un pleito anterior, en el cual el demandado y ape-
lante era demandante y fué demandado otra persona del
mismo nombre y apellido que el demandante y apelado en
este caso. La cuantía de los daños reclamados en la demanda
es de novecientos dólares.

El único error que ha sido alegado es que la sentencia no
está sostenida por las alegaciones, por los hechos ni por la
ley. No se hace cita de autoridades y toda la cuestión se
reduce a hacer un esfuerzo por sostener la proposición de
que el demandado no fué culpable de ninguna malicia, inten-
ción fraudulenta, propósito deliberado de causar daño, o ne-
gligencia inexcusable al establecer el embargo, sino que por
el contrario procedió enteramente de buena fe y fué senci-
llamente inducido a error por ser iguales los nombres y ape-
llidos. En la contestación formulada a la demanda se alega

afirmativamente que el demandado en esta acción, que era el demandante en la acción original, no procedió a sabiendas, maliciosa o voluntariamente y sin legítima causa, con la deliberada intención de perjudicar al demandante y apelado en este caso, y existe cierta prueba que tiende a sostener esta alegación.

La prueba demuestra sin embargo, entre otras cosas, que la finca embargada no se encontraba desocupada, sino que estaban ocupadas las casas y solares en la ciudad de Mayagüez, registrados a nombre del verdadero dueño, que está casado con Doña Rosario Alvarez, mientras que la esposa del demandado en el pleito en que se libró el embargo es Doña Natalia Rodríguez, y que la demandante en aquella acción, demandada y apelante en ésta, ejercitando el debido cuidado y diligencia pudo fácilmente haber descubierto quién era el dueño de la finca embargada, hecho que al parecer hubiera sido descubierto inmediatamente con la más simple pesquisa o investigación, si es que verdaderamente no pudo hacerse por medio de una lectura razonablemente detenida de los asientos que aparecían en el registro de la propiedad al tiempo de la investigación, o sea antes del embargo.

Además, al ser notificada la mercantil demandada de la equivocación, todo lo que hizo fué telefonear a su agente y representante encargado del litigio, quien, según su propia declaración, meramente contestó: "Ya veremos a ver, en ese caso se desiste," y al efecto nada hizo en absoluto para ocuparse del asunto.

El mismo testigo manifiesta que al día siguiente les dijo a otras personas que vinieron a verle acerca del mismo asunto, que si lo que decían era cierto él presentaría una moción para que se levantara el embargo. No hizo, sin embargo, nada más, sino que esperó por ellos varios días para que le trajeran prueba por escrito de los hechos tales como ellos los refirieron. Después de establecida la acción de daños y perjuicios no parece haber habido ninguna dificultad en averiguar los verdaderos hechos y el embargo quedó sin efecto

inmediatamente a solicitud del demandado y apelante en este caso.

Puede ser que si ésta fuera una acción de daños y perjuicios por embargo ilegal establecida por el demandado en la acción en que fué librado el mandamiento, tendría dicho demandante que probar una negligencia inexcusable, malicia, o falta de causa probable, respecto a lo cual véase a 2 R. C. L. página 896, secciones 111 y siguientes, y especialmente las secciones 113, 117 y 121; 6 C. J. páginas 493 y siguientes. Pero el caso de autos descansa en una base algo distinta. 6 C. J. pág. 502, sec. 1188; *id.* pág. 373, y siguientes, pág. 409, sec. 937, pág. 415, sec. 964, pág. 417, sec. 969; *Edwards* v. *Turner,* 6 Rob. 382; *Lizardi* v. *New Orleans Canal & Banking Co.,* 25 La. Ann. 414.

Los autos no revelan la existencia de ningún error que exija la revocación y la senténcia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.