No. 3075

Second Circuit

LOUISIANA TITLE & MORTGAGE COM-
PANY, INC., v. DAIGRE

(February 3, 1928.  Opinion and Decree.)

*(Syllabus by the Editor)*

1. Louisiana Digest—Offenses and Quasi
   Offenses—Par.  1, 6;  Prescription—
   Par. 109, 110.
The unlawful taking of maps is a quasi
   offense governed by the prescription
   of one year.

Appeal from the Ninth Judicial District
Court of Louisiana, Parish of Rapides. Hon.
Leven L. Hooe, Judge.

Action by Louisiana Title & Mortgage
Company, Inc., against H. J. Daigre.

There was judgment for defendant and
plaintiff appealed.

Judgment granting demand of plaintiff
affirmed but reversed as to reconventional
demand of defendant on plea of prescrip-
tion filed by plaintiff.

Bruton T. Dawkins, W. C. Roberts, of
Alexandria, attorneys for plaintiff, appel-
lant.

W. J. Broussard, of Alexandria, attorney
for defendant, appellee.

ODOM, J.  Plaintiff brought suit in the
District Court against defendant to re-
cover $66.55, due upon open account.  De-
fendant answered, admitting the indebted-
ness, but reconvened for $195.00, and, as
a cause of action against plaintiff, alleged
that:

"On or about January or February, 1923,
the said L. D. Calvit, acting in his capacity
as an officer of said company, took from
your respondent maps and plats to the
amount of ninety-five ($95.00) dollars, and
on or about the first of September, 1924,
the said L. D. Calvit, again acting in his
capacity as the duly authorized officer of
the said company, took from your re-
spondent about three hundred (300) plats,
of which two hundred and fifty (250) were
returned about a year later, without any
payment whatsoever, which petitioner avers
the sum of one hundred ($100.00) dollars
is due him for the use of said plats and
for the loss of those that have never been
returned, all of which will be shown on
trial hereof."

Paragraph 3:

"Your petitioner further avers that the
sum of ninety-five ($95.00) dollars is
due him from January or February, 1923,
for maps and plats as shown by the at-
tached statement, and the sum of one hun-
dred ($100.00) dollars for plat book of
R. W. Bringhurst, Sr., and plats which
have never been returned, amounting to the
sum of one hundred ($100.00) dollars, all
of which is shown by statement attached
hereto and made a part of this petition."

In paragraph 5 of defendant's petition
making reconventional demand, it is al-
leged that the plaintiff—

"bought out the Hetherwick Title Com-
pany, Inc., and that the Louisiana Title &
Mortgage Company, Inc., has in their
possession the maps and plats stated on
the attached statement, and although they
have repeatedly promised to return same
to your petitioner they have refused and
have neglected and still have the said
maps and plats in their possession, all of
which will be shown on trial hereof."

Defendant, plaintiff in reconvention,
prays for judgment against plaintiff for
$195.00, less the amount which he is due
plaintiff.

Upon trial in the lower court, there was
judgment for plaintiff as prayed for, and
judgment for defendant, plaintiff in recon-

vention, over against plaintiff in suit for $195.00 as prayed for by him; plaintiff's judgment to offset that of reconvenor to the amount thereof, and plaintiff was ordered to pay all costs.

Plaintiff, defendant in reconvention, has appealed.

Appellant has filed in this court a plea of prescription of one year in bar of reconvenor's right of recovery.

This plea is well founded and must be sustained.

Reconvenor's claim is not based upon any agreement or conventional contract.

He alleges that in January or February, 1923, the plaintiff company took from respondent—

"maps and plats to the amount of ninety-five ($95.00) dollars"

and that—

"about the first of September, 1924, the said L. D. Calvit, again acting in his capacity· as the duly authorized officer of the said company, took from your respondent" some plats "without any payment whatsoever".

The basis of 'the cause of action set forth by reconvenor is the alleged unlawful taking of his maps by plaintiff, and he prays for judgment for the value of the maps.

He alleges that plaintiff committed a wrong, an offense, a tort, and his demand is, in substance and effect, for damages for the taking of the maps and plats, the measure of the damage being the value thereof.

Under Article 3536 of the Civil Code, such actions prescribe in one year, and under Article 3537 prescription runs from the date on which the maps and plats were taken.

According to the reconvenor's allegations, this was in 1923 and 1924. His action was not brought until March 22, 1927, more than two years after the last plat was taken. The case of Burch vs. Willis, 21 La. Ann. 492, was one in which plaintiff sued defendant for the value of cotton taken and appropriated to his own use, and the court held that the prescription of one year applied.

In Millspaugh vs. City of New Orleans, 20 Ann. 323, plaintiff sued the city for ballast taken and used by it in paving streets, and a plea of prescription of one year was sustained.

In the case of Wood vs. Harispe, 26 La. Ann. 514, plaintiff sued defendant for the value of a lot of cotton and the court said:

"If Harispe is responsible to plaintiff it is because his agent took possession of his property and shipped it to Cuba. * * * If this possession was a wrongful one, as it is alleged to be, the property came into his hands by reason of an offense which he, through his agent, had committed. His obligation toward the plaintiff would rest upon a claim for damages caused by tortious conduct, and is the result of an offense which is prescribed by one year."

See DeLizardi vs. N. O. Canal & Banking Co., 25 La. Ann. 414.

In a more recent case, that of Reynolds vs. Reiss, 145 La. 155, the court held, to quote the syllabus by the court:

"One whose property is unlawfully taken without asserting any claim to its return may demand as damages the value of his property, together with interest thereon from the date of the alleged conversion."

And held that such claim is barred by the prescription of one year.

Reconvenor in the instant case is not demanding a return of the property which

he alleges plaintiff appropriated, but claims the value thereof.

In the case of Martin vs. The Texas Company, 150 La. 556, 90 So. 922, the court drew a distinction between cases where the action is for the property itself and those where the action is for its value, and held that the latter are suits for damages arising *ex delicto* and are barred by one year.

In the case of Liles vs. Barnhart, 152 La. 419, 93 So. 499, the court held that an action for the value of oil taken from the land of another was barred by one year.

In the case of Thomas vs. Whittington, 127 La. 551, 53 So. 860, the court said:

"Plaintiff urges a liability without a convention to give it being."

And sustained a plea of prescription of one year.

That is what reconvenor is doing in the instant case. "He urges a liability without a convention to give it being." His action is based upon a quasi offense, and is barred by one year.

The plea of prescription was not filed in the lower court. If it had been, we have no doubt it would have been sustained.

Plaintiff's claim against defendant for $66.55 is admitted in answer.

It is therefore ordered and decreed that the judgment appealed from be affirmed insofar as it grants plaintiff judgment against defendant; and further ordered and decreed that the plea of prescription of one year filed in this court by plaintiff against defendant's reconventional demand be sustained and that said reconventional demand be dismissed; and that accordingly the judgment on the reconventional demand be avoided and reversed. Defendant to pay all costs.