No. 3786

**Second Circuit**

---

GENERAL MOTORS ACCEPTANCE CORP.
v. CALHOUN CHEVROLET CO. ET AL.

---

(June 2, 1930. Opinion and Decree.)
(July 5, 1930. Rehearing Refused.)

---

Hudson, Potts, Bernstein & Sholars, of Monroe, and Dale, Dale & Dale, of Vidalia, attorneys for plaintiff, appellee.

Gilbert P. Bullis, of Vidalia, attorney for defendants, appellants.

WEBB, J. Defendant, Calhoun Chevrolet Company, a partnership composed of J. L. Calhoun and Edward Ussery, domiciled in the parish of Concordia, Louisiana, and engaged in the business of selling automobiles, and plaintiff, General Motors Acceptance Corporation, a corporation organized under the laws of and domiciled in the State of New York, and maintaining a branch office in Orleans parish, Louisiana, entered into a contract, designated as the "GMAC Retail Plan," which is conceded to have been entered into with the view that plaintiff would assist defendant in financing the sale of automobiles on the installment plan by purchasing of defendant notes taken by the latter from persons to whom it should sell automobiles.

The contract provided that the responsibilities are divided between defendant, dealer (Calhoun Chevrolet Company) and plaintiff, and with relation to the obligations of the parties with reference to the notes and division of responsibility, where the automobile is damaged by collision, the contract contains the following provision:

"GMAC (plaintiff) undertakes to follow-up and keep dealer advised of delinquencies, and to co-operate with the dealer in educating and training dealer's personnel in securing payment from delinquent purchasers or in making repossession of cars where necessary.

"Dealer will take back any repossessed cars at any time, as is, subject to protection against * * * loss resulting from collision outlined below, and dealer will

pay GMAC upon demand the amount of unpaid balance due GMAC on the obligation. Should repossession be made by GMAC at its expense, retail rebate, if any, will be retained by it.

\* \* \* \* \* \* \*

"Loss resulting from actual collision, damage will be determined on the following basis.

"(1) Upon inability of purchaser to meet his obligation as a direct result of the collision.

"(2) Upon return of car or salvage to dealer.

"(3) Upon cost of repairing actual damage resulting directly from collision, but in no case more than the outstanding balance on the obligation. Salesman's commission, dealer's overhead and cost of replacing or repairing dented fenders or running boards, weather worn or scratched paint jobs, motor overhauls, relining of brakes, accessories and tires are not to be included in cost · of repairing actual collision damage unless replacement or repair is necessitated directly by collision.

"(4) Where car is total wreck, by deducting from the balance due GMAC on the obligation, the junk value of car (in no case less than $25.00), in consideration of which the salvage becomes property of dealer.

"(5) Where value of car after repair of actual collision damage is greater than the outstanding balance, by deducting from the cost of repairs the difference between the outstanding balance and resale value of car."

On September 17, 1928, defendant sold to J. E. Hodges, of Concordia parish, Louisiana, an automobile at the price of $767.85, of which $239.85 was paid, and for the balance of $528 Hodges gave his note, drawn to his own order and by him endorsed in blank, dated September 17, 1928, payable in twelve monthly installments of $44 each, which note was secured by a chattel mortgage on the automobile. The note, which bore 8 per cent per annum interest from maturity, contained the usual stipulations, that all installments should become due and failure of the drawer to pay any one of them, and for payment of attorney's fees, and the note was transferred by defendant to plaintiff, defendant guaranteeing payment of the note, except as otherwise provided in the contract. Hodges paid two of the installments to plaintiff, but about the time the third installment was due the car was damaged in a collision, and Hodges removed it from the scene of the collision to a neighboring house, where plaintiff took possession of the car and had it removed to Mississippi, where some repairs were made to it, and thereafter the car was carried to Concordia parish, Louisiana, and tendered by plaintiff to defendant and demand made on defendant for the balance due on the note.

Defendant refused to accept the car or pay the amount demanded, and plaintiff stored the car in a garage in Concordia parish and instituted the present suit against defendant partnership and the individuals composing the partnership to recover judgment against them in solido for the balance due on the note, together with interest and attorney's fees, and for recognition of the mortgage on the automobile.

Plaintiff annexed to and made part of its petition the note, mortgage and contract and in substance alleged the facts above stated, and defendants excepted that the petition failed to state a cause of action, which being overruled, defendants answered admitting the facts alleged by plaintiff and pleaded that plaintiff had, by taking possession of the car, released defendant from any liability on the note. Defendants further alleged that the car had not been properly repaired, and, further, that plaintiff was indebted to defendants in the sum of $20 for services performed at the request of plaintiff in

removing the car from the place where it had been left by Hodges; and defendants prayed that plaintiff's demands be rejected and for judgment against plaintiff in reconvention for $20 and all costs.

On trial judgment was rendered in favor of plaintiff and against defendant partnership and the members of the partnership in solido for the sum of $444 with 8 per cent per annum interest thereon from December 17, 1928, until paid, and 10 per cent on principal and interest as attorney's fees, and all costs of suit, subject to a credit of $20 as of date January 1, 1929, and reserving to defendants the right to have further repairs made to the automobile and to proceed against plaintiff for the cost of same.

Defendants appeal, and urge that the court erred in overruling the exception of no cause of action, and further urge that defendants having established that the damage to the car resulting from the collision had not been fully repaired the court erred in granting plaintiff judgment.

Appellants do not state what was the basis of the exception of no cause of action, but, as we gather from the brief, it is contended that under the provisions of the contract, "GMAC Retail Plan," the parties contemplated that where the car should be damaged in a collision while in the possession of Hodges, the drawer of the note and owner of the car, plaintiff should obtain title to the car and have the repairs made before tendering the car to defendants and demanding payment of the balance due on the note, and that the exception was directed at the showing made by the pleadings that the ownership of the car, when tendered to defendants, was in Hodges, and that the tender was without effect.

As stated, defendant partnership guaranteed the payment of the note drawn by Hodges, and ordinarily it would be conceded that plaintiff would not be required to allege more than that the drawer of the note had failed to pay it after demand prior to the guarantee proceeding against the guarantor, and in the absence of a distinct stipulation that plaintiff should exhaust its rights against the drawer of the note and the property mortgaged to secure its payment before proceeding against the guarantor, the latter could not avail itself of such a defense much less demand that plaintiff, the holder of the note, should first acquire title to the property mortgaged to secure its payment and tender the property to the guarantor before proceeding against it; and we are of the opinion that the exception of no cause of action was properly overruled.

Considering the cause on the merits, and construing the stipulations quoted from the contract, "GMAC Retail Plan," most favorably to defendant partnership, or that defendant had the right to deduct from the amount due by it as guarantor of the obligation of Hodges the cost of repairing the damage to the automobile, without regard to the responsibility of Hodges, which appears to be the construction placed upon the contract by plaintiff, the right was, we think, a matter of defense, which should have been pleaded, and the amount which it would have cost to repair the car established by defendants. The evidence did not fix the amount it would have cost to repair the car, but defendants' rights were reserved in that respect, and defendants have no right to complain of the judgment.

The judgment is therefore affirmed at appellants' cost.