## HODGES v. GENERAL MOTORS ACCEPT-ANCE CORPORATION.*

### No. 4303.

Court of Appeal of Louisiana. Second Circuit.

May 20, 1932.

Gilbert P. Bullis, of Vidalia, for plaintiff and intervener.

Dale, Dale & Dale, of Vidalia, and Hudson, Potts, Bernstein & Sholars, of Monroe, for defendant.

DREW, J.

Plaintiff alleged ownership of a Chevrolet automobile, 1928 model, serial No. 176849, motor No. 4864297, purchased by him from the Calhoun Chevrolet Company; that defendant took possession of the said car in Concordia parish, La., without any legal right, and is now holding said car in Concordia parish, without any right, title, or claim to same.

Plaintiff further alleged that defendant had stored said car, and that it was about to be sold for the storage charges; that he was entitled to be restored to possession of the car or to recover damages for the illegal seizure and holding of said car by defendant, to the amount of the value of the car, which he alleged to be more than $300.

He further alleged that defendant is a corporation organized under the laws of the state of New York, and W. B. Spencer, P. S. Gidiere, Esmond Phelps, and Charles E. Dunbar, Jr., or any one of them, are agents of the said corporation for the service of legal process in the state of Louisiana, all of said agents residing in the city of New Orleans.

Plaintiff prayed for judgment against defendant requiring it to deliver said automobile to him in good condition, within a reasonable time to be fixed by the court, and in default thereof, for judgment against defendant in the sum of $300, with legal interest from judicial demand until paid.

Defendant excepted to the jurisdiction of the court ratione personæ, alleging that, in accordance with the laws of Louisiana, it had designated its domicile in this state at New Orleans, Orleans parish, La., with agents for service of legal process, as set out in plaintiff's petition. The exception was overruled.

Defendant then filed a plea of prescription of one year, based on the ground that the action was one in tort. This plea was referred to the merits. The judgment rendered shows the plea to have been overruled.

Defendant answered, setting up title in itself and denying that plaintiff had any right, title, or interest in the automobile or to the possession of it; and further averred that the Calhoun Chevrolet Company had sold the said automobile to plaintiff largely on a credit and delivered said car to him in Louisiana; that plaintiff gave to the Calhoun Chevrolet Company a chattel mortgage, by notarial act duly recorded in Concordia parish, La., on said car for the balance of the purchase price; and that the chattel mortgage notes for the purchase price were transferred to

*Rehearing denied June 15, 1932.

defendant herein for a valuable consideration; and that, while this condition existed and while the notes were unpaid, plaintiff, while driving the car in said parish, wrecked it. That after plaintiff wrecked the car, he made no effort to salvage it and wholly abandoned it; that the Calhoun Chevrolet Company and defendant herein pulled said car in, and the defendant, under its agreement with the Calhoun Chevrolet Company, sent the car to Natchez, Miss., for repairs, and, after said repairs were made, brought the car to Ferriday and tendered same to the said Calhoun Chevrolet Company, which refused to receive it. The car was then deposited and stored at its risk in Ferriday, La., in a garage.

That the Chevrolet Company failed and refused to pay the notes, which it had indorsed and transferred to defendant herein, and suit was brought by defendant against the Calhoun Chevrolet Company which resulted in final judgment in favor of defendant herein, with certain rights reserved to the Calhoun Chevrolet Company, all of which will be shown by judgment in said suit No. 5073, on the docket of the Seventh judicial district of Louisiana, in suit styled, General Motors Acceptance Corporation v. Calhoun Chevrolet Company et al., and also by judgment of this court, on appeal, 14 La. App. 258, 129 So. 168, which judgment is made part of this answer; that the Calhoun Chevrolet Company and plaintiff illegally failed to accept said car and illegally permitted the storage to accrue, which would not have been incurred, except for a violation of their obligation, as shown.

It further alleges that, by reason of the above facts, plaintiff is estopped to make the claims he has set up in his petition, which estoppel it especially pleads.

It further avers that the automobile was sold under the law, to pay the storage.

Defendant further alleges, in the alternative only, that the plaintiff is a party interposed for the said Calhoun Chevrolet Company and has no interest in this suit whatever, on account of his abandonment of said automobile, and that this suit has been instituted solely at the instance of J. Lee Calhoun and the Calhoun Chevrolet Company, solely for its benefit; that the said plaintiff does not occupy such relation to the said Calhoun Chevrolet Company as to permit him to sue for its benefit.

In reconvention, it alleges, in the event the court should hold that plaintiff had not abandoned the said car, that plaintiff is justly and legally indebted unto defendant in the sum of $165, for storage of said car and cost of selling same, and prays as follows:

1. That plaintiff be held to have abandoned all claim to said car, which caused all of the expenses herein, and that he is estopped from making the claim set out in his petition, and that said plea of estoppel be sustained.

2. That the claim is one in tort or trespass, and that, more than one year having elapsed since the date plaintiff could have sued herein, the plea of prescription of one year should be sustained.

3. Prays in the alternative only that, if this suit is not dismissed as above prayed for, then plaintiff be held to be a party interposed for the Calhoun Chevrolet Company, and that it be held that plaintiff is without interest to bring such suit, and that suit be dismissed at plaintiff's cost.

4. Further prays in the alternative that the reconventional demand herein be sustained, and that defendant recover judgment against plaintiff in the sum of $165, paid by defendant, together with interest at the rate of 5 per cent. from judicial demand, being the amount paid by plaintiff for storage of said car, and costs.

J. Lee Calhoun intervened in the suit alleging that in a prior suit, entitled General Motors Acceptance Corporation v. Calhoun Chevrolet Company and J. Lee Calhoun, judgment was rendered decreeing that the General Motors Acceptance Corporation delivered to him the automobile involved in this suit, upon his paying a judgment in favor of the General Motors Acceptance Corporation for $440, plus interest and attorney's fees; that he has satisfied said judgment, and that defendant herein has refused to deliver the car to him. He prays for judgment against both plaintiff and defendant, decreeing that the automobile be delivered to him, and, in the alternative, prays that the mortgage on said automobile, described in the answer of defendant herein, be foreclosed, and that said automobile be sold, according to law, in the foreclosure of said mortgage; and that intervener be paid by preference and priority over all other creditors out of the proceeds of said sale, intervener reserving his rights to proceed against plaintiff for any balance due on said notes, after crediting thereon the proceeds of said sale.

Defendant answered the intervention, alleging the same facts as in answer to plaintiff's petition, reiterating its exceptions and pleas, and specially pleaded estoppel as to the intervention, based on intervener's refusal to accept said car when tendered under judgment of this court in the former suit referred to in the pleadings herein, and for the further reason that intervener refused to pay the storage on said car and allowed same to be sold for storage.

The lower court rendered judgment rejecting the demands of plaintiff and decreeing the intervener to be the owner of the automobile, ordering defendant to deliver possession of said car to intervener, and, in default

of delivery within twenty days, that there be judgment in favor of intervener and against defendant in the sum of $150.

Defendant has appealed to this court. Plaintiff has not appealed. Intervener has answered the appeal, praying that the judgment of the lower court be amended by striking therefrom the clause permitting the defendant to pay to intervener the sum of $150, in lieu of returning the automobile.

Plaintiff answered the appeal, alleging that he has also appealed from the judgment of the lower court, and prays that his appeal be considered at the same time as this appeal and on the same record. In the alternative, he prays that the judgment of the lower court be amended by decreeing that the promissory notes given by plaintiff, as payment of the purchase price of the automobile referred to in plaintiff's petition, are paid and canceled, and that plaintiff owes no sum for the purchase price of the automobile.

■ The record fails to disclose that plaintiff either prayed for or perfected an appeal in this case. Therefore, there is nothing before us, so far as he is concerned. His demands were rejected in the lower court. He should have appealed to this court, if he was aggrieved by the judgment.

■ In order to properly decide the plea to the jurisdiction ratione personæ and the plea of prescription of one year, it is necessary to classify the form of action. The jurisprudence of this state makes a distinction in an action where the plaintiff seeks to have restored to him certain property he alleges has been taken from him, and in an action where he sues for the value of the property illegally taken. The latter is classed as an action in tort, while the former is not. La. Title & Mortgage Co., Inc., v. Daigre, 7 La. App. 511; Liles v. Producers' Oil Co., 155 La. 385, 99 So. 339; Martin v. Texas Co., 150 La. 556, 90 So. 922; Reynolds v. Reiss et al., 145 La. 155, 81 So. 884.

■ In this case, the plaintiff seems to have combined the two actions. He alleged that defendant took possession of his (plaintiff's) automobile illegally, without any right, title, or claim to it, and refused to return it to him. He therefore alleged an offense. He prayed that defendant be ordered to return the car to him, and, in default, that he have judgment for the value of the car, fixed at $300. Certainly, his claim for the value of the car, in default of delivery of the car, is an action in tort, which is prescribed by one year. It is admitted that the suit was not filed until more than one year after the possession of the car was taken by defendant. It therefore follows that the action for damages based on the value of the car is prescribed, and the plea of prescription should have been sustained to that part of the suit.

The petition alleges that defendant had appointed as agents for service certain gentlemen in the city of New Orleans, La., and prayed for service of petition and citation on them. The return on the citation shows that it was served upon the agent for service in New Orleans. Therefore, the plea to the jurisdiction was filed.

Article 162 of the Code of Practice recites the general rule as to before what tribunals actions are to be brought. It reads as follows: "It is a general rule in civil matters that one must be sued before his own judge—that is to say, before the judge having jurisdiction over the place where he has his domicile or residence, and shall not be permitted to elect any other domicile or residence for the purpose of being sued, but this rule is subject to those exceptions expressly provided by law."

Articles 163 and 164 of the Code of Practice define some of the exceptions to this general rule, which are not applicable to the facts in this case.

Article 165, Code of Practice, gives an additional exception to the general rule. Subdivision 9 of said article reads as follows: "Trespass. In all cases where any person, firm or corporation shall commit trespass, or do anything for which an action for damage lies or where any corporation shall fail to do anything for which an action for damage lies, such person, firm or corporation may be sued in the parish where such damage is done or trespass committed or at the domicile of such person, firm or corporation."

■ It can be readily seen that, unless plaintiff's cause of action falls under the exception in section 9, article 165, of the Code of Practice, his suit for the possession of the car would have to be brought at the domicile in this state of the defendant, which is shown to be in the parish of Orleans, and, when you eliminate the suit for the value of the car on account of alleged conversion on the plea of prescription of one year, you have a cause of action wherein plaintiff claims the ownership of an automobile, alleged to be in the possession of defendant, and prays for its possession and its return to him, although he did not seize the car. The car itself was not, therefore, before the court.

It does not come under any of the exceptions to the general rule that defendant must be sued at its designated domicile in this state and the plea to the jurisdiction should have been sustained. Therefore, the principal demand for the possession and return of the automobile, under the allegation of ownership, should have been dismissed on the exception to the jurisdiction, and the alternative demand for the value of the car, alleged to have been illegally taken, should have been dismissed on the plea of one-year prescription.

■ The dismissal of plaintiff's suit necessarily carries with it the dismissal of the intervention, without prejudice to intervener's rights in a separate action. Erskine v. Gardiner, 162 La. 83, 110 So. 97, 98.

■ There is, however, another defense set up by defendant that is fatal to the case of plaintiff and which requires a dismissal of his suit, even though it developed on the merits and a dismissal such as would require likewise the intervention to be dismissed, that is, in article 11 of defendant's answer it alleged, in the alternative, if the exception to the jurisdiction and plea of prescription were not sustained, that plaintiff was a party interposed for the Calhoun Chevrolet Company and has no interest in the suit, and that the suit was instituted by plaintiff solely at the instance of intervener, J. L. Calhoun, of the Calhoun Chevrolet Company, and solely for its benefit, and that plaintiff does not occupy such relation to the Calhoun Chevrolet Company as to permit him to sue for its benefit Code Prac. art. 15. It prays that plaintiff be held to be a party interposed for the Calhoun Chevrolet Company, and that he is without interest to bring the suit, and that the suit be dismissed at his cost.

On the trial of the case, plaintiff admitted the above allegations to be true, and further testified that he had no interest in the car, having surrendered it on an agreement that his note be canceled, and that he had not been called upon by any one to pay the notes since he surrendered the car.

A further evidence of his being without interest in the suit is that the same attorney who filed suit for plaintiff, claiming ownership and praying for the possession of the car, filed this intervention for intervener, alleging ownership, and praying for possession of the car.

The case in many respects is on all fours with the case of Erskine v. Gardiner, supra. In this case plaintiffs filed a partition suit, alleging themselves the owners in indivision with defendants of certain land, and, after making the necessary allegations, prayed for partition by licitation. Defendant, after filing numerous exceptions, which were overruled, answered, alleging title in themselves and denying that plaintiff was in any way interested in said property. Other parties, alleging themselves to be the owners of the property, intervened, joining plaintiffs in their prayer for a partition by licitation. Defendant then filed a supplemental answer in which they alleged that the plaintiffs are impostors and not heirs of the person under

whom they are claiming. The lower court rendered judgment rejecting the demands of plaintiff and recognized the intervener, the defendant, and the legal heirs of the person, of whom plaintiffs claim to be heirs, as the owners in indivision of the property sought to be partitioned, and decreeing a partition by licitation. Defendant alone appealed. The Supreme Court of this state in deciding that case said in part: "The proof in the record so conclusively shows that plaintiffs are in fact impostors and fraudulent claimants that they did not appeal from the judgment dismissing their suit." Then, after reviewing the pleadings, said: "It is seen that there are several interesting questions raised by the exceptions, pleas, and answers filed in this case, but we do not consider it necessary to pass upon any of them, at this time, because the essence of an intervention is the existence of a suit between persons other than the intervenor. This court has repeatedly held that the dismissal of the plaintiff's suit carries with it the dismissal of the intervention."

The jurisprudence on this subject is then reviewed by the court, and then the court said: "The principal suit having been dismissed, the trial judge should have also dismissed the intervention without prejudice to the intervenors' right to assert their claim of ownership of an interest in the property. * .* *"

In that case, as in this case, the demands of plaintiff were not dismissed on exceptions before trial on the merits, but were rejected after trial on the merits, for the reason that they were proved to be impostors and were therefore without interest in the suit. In this case, plaintiff is found to be a party interposed for intervention and is without interest in the suit.

Article 15 of the Code of Practice reads as follows: "An action can only be brought by one having a real and actual interest, which he pursues, but as soon as that interest arises he may bring his action."

Therefore, when the demands of plaintiff were dismissed, the intervention should have likewise been dismissed, without prejudice to intervener.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court be reversed; that plaintiff's demands be dismissed at his cost; and that the demands of intervener be dismissed without prejudice to his right to file a separate suit for possession of the car.