## ALBERT EDWARDS *v.* SUMPTER TURNER and another.

An attachment bond, executed in favor of the defendant, does not enure to the benefit of a third person who intervenes and establishes his right to the property, not being a party to the bond, and there being no privity of contract between him and the plaintiff in the attachment suit, he cannot sue on it.

As between the principal and surety in an attachment bond, and the defendant in whose favor it is executed, a claim for damages for an illegal attachment is *ex contractu ;* but if the property of a third person be attached under proceedings authorizing the seizure of that of the defendant, it is a trespass, and the right of the party injured to obtain reparation arises neither from a contract, nor quasi-contract, but under art. 2294 of the Civil Code, which declares that every act of man which causes damage to another, obliges him by whose fault it happened, to repair it.

The distinction between offences and quasi-offences is, that the former are those illegal acts which are done wickedly and with the intent to injure, while the latter are those which cause injury to another, but proceed only from error, neglect, or imprudence.

The attachment of the property of a third person, as belonging to the defendant, is a quasi-offence ; and the action by the owner for damages is prescribed by one year from the time of the injury—that is, from the time of the seizure, and not from the date of the judgment establishing the title of the owner. C. C. 3501, 3502.

APPEAL from the District Court of the First District, *Buchanan*, J.

*W. S. Upton,* for the appellant.

*C. M. Jones,* for the defendants.

MORPHY, J. The plaintiff seeks to recover of the defendants, the surviving partners of the late firm of Shields, Turner & Renshaw, $6000, for damage alleged to have been sustained by him in consequence of the wrongful seizure of the steamboat *Echo,* his property, by attachment, in proceedings instituted by the said firm against Perry, McClure & Co. Among other exceptions and means of defence set up by the defendants, they pleaded the prescription of one year, against actions in damages for offences

and quasi-offences. This plea having been sustained by the court, the plaintiff took this appeal.

The facts in relation to the attachment suit, so far as it is necessary to state them here, are, that the writ was levied on the steamboat Echo, as the property of McClure, on the 27th of November, 1838 ; that on or about the 6th of December following, Edwards intervened, claiming the ownership and possession of the boat, and procured her release by the execution of a satisfactory bond in the usual form ; and that in July, 1839, there was a judgment in the Commercial Court in favor of the intervenor, which, on an appeal taken by the plaintiffs in that suit, was affirmed by this court on the 7th of December, 1840. See 16 La. 465. The present action was brought on the 17th of February, 1841.

It is urged, that the Judge has erred in viewing the cause of action set forth in the petition as constituting a *quasi-offence* ; that it should rather be considered as an implied or quasi-contract ; because, when the attachment was sued out, a bond was given to secure the defendants in that suit against the damages they might suffer thereby, in case it should be decided that the attachment was wrongfully obtained ; that if Perry, McClure & Co. had instituted a suit upon the bond, the defendants could not avail themselves of any defence under the plea of prescription as for a quasi-offence, by reason of the direct and written contract between the parties ; that although the bond is not made to the intervenor, (who claims damages for the same act,) it cannot be said to be a *quasi-offence* as to him, and not as to the original defendants ; and that in making a written contract with Perry, McClure & Co., there was, on the part of the plaintiffs in that suit, an implied contract with any other person who might sustain damage by reason of their attachment, to pay all such damage, if the seizure was decided to be wrongful. We cannot assent to such reasoning. It is clear that the plaintiff has not sued, nor can he sue upon the attachment bond. It cannot enure to his benefit. He was no party to it, and there existed no privity of contract whatever between him, as intervenor, and the plaintiffs in the attachment suit. 7 La. 232. As between the principal and surety in a bond, and the defendant in whose favor it is made, a claim in dam-

ages would undoubtedly be *ex contractu*; but if the property of A. be attached under proceedings authorizing the seizure of that of B. it is a case of trespass. The right of the injured party to obtain reparation, arises neither from a contract, nor a quasi-contract. It can be claimed only under that article of our Code which declares, that any act whatever of man, that causes damage to another, obliges him by whose fault it happens to repair it. Art. 2294. This article, which is the first one under the head of " offences and quasi-offences," applies to both. The distinction between the two appears to be, that offences are those illegal acts which are done wickedly and with the intent to injure, while quasi-offences are those which cause injury to another, but which proceed only from error, neglect, or impru- dence. 1 Pothier, Oblig. No. 116. 11 Toullier, No. 113, 114 and 115. The cause of action set forth in the petition comes evidently under the latter class, and is barred by one year under article 3501 of the Civil Code, 9 Mart. 624. 3 La. 338. 5 Ib. 326. 10 Ib. 219. 1 Robinson, 75. But it is next urged, that ad- mitting the act which caused the damage for which reparation is claimed, to be a quasi-offence, prescription should begin to run only from the date of the judgment of this court settling Edwards' title to the property seized, and that the record shows that this suit was brought within a few weeks from the rendition of such judgment. Article 3502, which immediately follows that creating the prescription of one year in cases of offences and quasi-offences, provides, that such prescription shall run from the time when the damage was sustained. The seizure of the Echo took place on the 27th of November, 1838, and the plaintiff recovered posses- sion of her about ten or eleven days after. Admitting that the damages claimed are not only for the immediate injury occasioned by the seizure, but also for the loss of the profits of the business season, which had just opened, the plaintiff must have sustained these damages within the six months at most immediately follow- ing the date of the seizure, and the present suit was not brought until the 17th of February, 1841, more than two years after the seizure. Notwithstanding the pendency of his intervention, the plaintiff in this suit could have brought his action in damages within the time required by law, and was not obliged to await the

final decision of this court on his right to the property seized. To succeed in his action he would have had to prove the fact of the ownership of the boat, as he did in the attachment suit. Under the positive provision of the Code, which declares that prescription must run from the time the injury was sustained, we do not feel authorized to fix any other *terminus a quo*. 6 Mart. N. S. 691.

*Judgment affirmed.*