MELITE ANTY wife of AUGUSTE METOYER *v.* BAPTISTE ADLE.

The illegal seizure and sale of another's property, is a *quasi offence*—and an action for damages for
such seizure and sale is prescribed by one year.
Code 2294, 2295.

APPEAL from the District Court of the parish of Natchitoches, *Bullard*, J.
John B. Smith and *A. H. Pierson*, for plaintiffs and appellants.   *H. Saf-*
*ford* and *W. J. Hamilton*, for defendants.

BUCHANAN, J.   The plaintiff claims of the defendant the sum of nineteen
thousand four hundred and forty dollars, amount of damages resulting from
" an illegal seizure and sale of plaintiff's property, and from an unauthorized
attempt to make plaintiff's separate estate liable for the debts of her husband."
This large amount is made up of the following items:

1. Hire of thirteen slaves at $15 per month, each.

2. Hire of one slave at $30 per month.

3. Value of a slave who died.

4. Rent of a tract of land.

5. Value of a mansion house taken off the land by defendant.

6. Loss of cotton crop on another tract not seized by defendant, but of
which the plaintiff could not pick out the crop, for want of the hands who
were seized.

7. Loss of corn crop from the same cause.

8. Loss in timber collected for building, but which rotted on the ground,
because the plaintiff was deprived of her working hands by defendant's seizure.

The defendant pleaded the prescription of one year to this action.   He relies
upon Article 3501 of the Civil Code, which declares that actions resulting from
offences and quasi offences are prescribed by one year.

The District Court having maintained the plea of prescription, the plaintiff
has appealed; and the only question which we have to decide is, whether the
petition presents a case of a quasi offence.   We are of opinion that it does.
It is the *illegal* seizure and sale of plaintiff's land and slaves, which are charged
as the source from which flow all the numerous resulting damages enumerated
in the items of her claim as above set forth.   Now the Articles 2294 and 2295,
define the quasi offence to be any faulty, negligent, imprudent, or unskilful act
of a man, which causes damage to another.   This definition fits precisely the
plantiff's pleadings.   Her cause of action is the faulty or tortious proceedings
or acts of the defendant.   To conclude, the former Supreme Court repeatedly
decided that the seizure of A.'s property, in execution of a judgment againt B., is
a quasi offence.   *Delisle* v. *Morgan*, 2 N. S. 24.   *Edwards* v. *Turner*, 6 Rob. 382.

The counsel of appellant has attempted to draw a distinction of this kind.
He urges that his claim is for the fruits of plaintiff's property, received by
defendant, more properly than for damages.   But this we view as a distinction
without a difference.   The reception of the fruits of the estate, was a resulting
consequence of the quasi offence, (the *illegal* seizure and sale,) by which the
defendant acquired the apparent title as well as possession of the estate.

The judgment which pronounced that title to be illegal and restored plaintiff
to the possession reserved to the plaintiff the right to claim, in another action,

damages for unlawful seizure and detention of her property. The present action is based upon that reservation. But it was not brought, that is to say, citation was not served upon *Adlé* until more than eighteen months after that judgment.

Judgment affirmed, with costs.