The opinion of the court was delivered by
Marr, J.
In February, 1872, James Gardiner recovered judgment against Dezutter. Before this judgment was signed Dezutter, by notarial act, conveyed to Joseph Scherer, a house and lot on Bampart street. In January, 1873, Gardiner brought suit against Scherer and Dizutter to have the sale annulled, on the ground of simulation, and to subject the property to his judgment. Pending this suit Scherer died, it does not appear at what date ; and his widow, tutrix of the minor children, •administered the succession. The district court declared the sale to 'Scherer a simulation, and that judgment was affirmed by this court.
Under execution on the judgment in favor of Gardiner agaiDSt Dezutter, the property conveyed to Scherer by Dezutter was sold, and was •adjudicated to Gardiner ; and shortly after, in October, 1877, Gardiner brought this suit against the widow Scherer, in her capacity as tutrix, •to recover the difference between the price of the adjudication and the ■amount of the judgment against Dezutter.
The allegations of the petition are that there was no consideration for the sale; that it was simulated; and that Scherer combined with Dezutter to place the property beyond the reach of plaintiff’s execution •and accepted the simulated title, with full knowledge of this fraudulent ■purpose.
*528 That “ if Scherer had not combined with Dezutter to commit this fraud, and had allowed the property to be sold in February, 1872, it would have brought more than was sufficient to cover petiti- ner’s claim, interest and costs; and by the illegal and fraudulent acts of Scherer petitioner has been prevented from collecting his whole judgment, and Scherer became responsible for the difference;” and that his succession, administered by the tutrix, is indebted to plaintiff for the amount.
The tutrix excepted that the petition disclosed no cause of action, which exception was overruled; and she plead the general denial. There was judgment in favor of plaintiff for $1900, the difference, in the judge’s estimation, between the value of the property in 1872, when the judgment against Dezutter became final, and the price of the adjudication, in May, 1877 ; and the tutrix appealed.
The injury complained of is the depreciation in the value of the property during the time that it stood in the name of Scherer, under the simulated title. It is not charged that the property was injured in any way during that time, nor that it was out of repair. The house was a brick dwelling ; and the depreciation is simply that which all real property in New Orleans has suffered, from the various causes which directly affect values, burdensome taxes, want of confidence, commercial disasters, etc., the results of ulterior causes, which have impoverished the people and the State.
This depreciation was not the necessary consequence of the fraudulent and simulated acts complained of. Under a different condition of affairs the property might have increased in value, so that it would have been worth double as much in 1877 as it was in 1872. Nor did the simulated sale necessarily cause plaintiff the delay of five years to which he was subjected. When his judgment became final, and the legal delay had expired, he might have caused execution to issue, and the property to be seized and sold, just as if that simulated title had never existed. If he had taken this course, Scherer would have been compelled either to have abandoned all pretension of right under his simulated title, or to have become the actor, at his own risk and expense, in judicial proceedings to arrest the sale, or to recover possession of the property.
Plaintiff chose not to exercise the right which the law gave him. He waited until January, 1873, nearly a year after Lis judgment became final; and then brought suit to have the simulated sale annulled, which he had the right and power to treat as a nullity ab initio.
In any aspect of the case, the alleged fraudulent conduct of Dezutter and Scherer, and the simulated conveyance, did not cause the property to depreciate in value. In January, 1873, when the plaintiff had such information as justified him in demanding judicially the nullity of the sale, his preference for that mode of enforcing his rights was the *529 immediate and direct canse of tlie delay and expense to which he was ■subjected, which he might have avoided by the immediate seizure of the property. Non constat, if the property had been sold in 1872, or 1873, under execution, that plaintiff would not have been the purchaser, as he was in 1877 ; and that he would not have suffered the precise loss from, depreciation of which he now complains.
Defendant plead in this court the prescription of one, three and five years. It is evident that the right of action, if any exist in this case, does not result from any contract or civil obligation between Scherer and plaintiff, but from an alleged wrong; and whether that wrong be ■an offence or a quasi offence, it is subject to the prescription of one year. R. C. C. aft. 3536. This prescription began to run from the date of the offence. R. O. C. art. 3537. The offence was the fraudulent acceptance of the simulated title, on the 14th of February, 1872. If plaintiff had any legal foundation for such a claim, he might well have included in his petition to have the sale annulled, a demand for such •damages as he might sustain by the wrongful acts and pretension of Scherer; and have obtained judgment subjecting the property, with suspension of judgment for the damages until the amount could be fixed by the sale of the property. See Edwards vs. Turner, 6 Rob. 384, and authorities there cited..
We think the plaintiff was not entitled to recover, independently of the plea of prescription; and that the action was barred by the lapse of time.
The judgment of the district court is, therefore, annulled, avoided and reversed; and it is now ordered, adjudged and decreed that the demand of plaintiff, appellee, be rejected, and his petition and suit be dismissed ; and that he pay the costs in both courts.