### No. 8367.

FRANK E. FOUCHER vs. DUNCAN F. KENNER.

A sheriff or United States marshal cannot be made responsible, in damages, for executing a judgment, recognizing a privilege upon property provisionally seized in the suit, by the seizure and sale of said property.

Where, in such a case, upon the demand of a third person claiming ownership of said property, an indemnity bond has been furnished, conditioned for the payment of such damages as might be recovered against the marshal in consequence of such seizure, the surety on such bond cannot be held for any damage other than those for which the marshal might have been liable, and, inasmuch as the marshal could be responsible for none, the action must fail.

APPEAL from the Civil District Court for the Parish of Orleans. Monroe, J.

### *Chas. S. Rice* for Plaintiff and Appellant.

The laws of the State giving to sheriffs the right of demanding from a party seizing personal property, claimed by a third person, a bond of indemnity, is, by Act of Congress, made applicable to the marshal of the United States, in similar case of seizure under process, *mesne* or final, issuing out of the Federal courts sitting in the State. Rev. Stat. of La. secs. 3579, 3581, 3584; Rev. Stat. U. S. secs. 914, 915, 816; Acts of Congress of 1824, U. S. Stat. at Large, vol. 4, pp. 62 and 63 ; Moncure vs. Zuntz, 11 Wal. 416, 421; Barras vs. Bidwell, 3 Woods 5, 8, 9.

The right to demand such indemnity bond extends to ALL cases where the property so claimed was seized, whether under *mesne* or final process. Rev. Stat. of La. 3579.

Even under the theory of defendant, the marshal was not protected in seizing other property than that *specifically* mentioned in the writ; and, therefore, if he failed, through his own fault or the directions of a party, to keep himself strictly within the mandatory clause or the process, he was liable to the person damaged by his acts, and had the legal right to release the property seized at the demand of a third person claiming superior title, or to demand bond of indemnity from the party seizing. Buck vs. Colbath, 3 Wal. 343 *et seq.;* Elmore vs. Hufty, 13 A. 227.

A third person is not estopped from suing on an indemnity bond, so given, because, after the same was given and assigned to him, he attended the sale and bid on his own property, and afterwards bought it at private sale from the person who purchased it at the marshal's sale.

The lien of the landlord for rent does not extend to movables removed more than fifteen days from the leased premises, or which, though removed within a shorter time, have ceased to be the property of the lessee. C. C. art. 2709 ; Sillman vs Short, 20 A. 513; Hughes vs. Caruthers, 20 A. 530; Bailey vs. Quirk, 20 A. 432; Merrick, Race & Foster vs. LaNache, 27 A. 87.

The facts proved in this case establish ownership in plaintiff in, at least, 3390 cross-ties worth $1,258 06, which were not subject to the lien of the landlord but seized and sold at the landlord's instance.

### *J. D. Rouse* for Defendant and Appellee.

1. The United States marshal is without authority to exact a bond of indemnity for the execution of process issuing from a Federal court. The State statutes authorizing a sheriff to exact such bonds has not been adopted by any statute of the United States.

2. A sheriff cannot be made responsible for the execution of a judgment by seizure and sale of any object upon which the judgment confers a privilege   13 A. 227 ; 14 A. 142.

3. The officer being without right to require a bond in the premises, it is a non-judicial bond, and no action lies upon it   27 A. 557 ; 23 A. 222; 7 A. 570; *Ib.* 539; 28 A. 244; 16 La. 174; 22 A. 535.

4. Where no breach of the condition of a bond is alleged or shown there can be no recovery upon it.   12 How. Rep. 168; 14 Chicago Legal News, 297.

5.  One who purchases property is estopped from disputing the title of his vendor.  5. Rob. 352; *Ib*. 518; 3 Rob. 331; 26 A. 188; 15 A. 531; *Ib*. 684.

6.  Where articles are sold by weight, tale or measure, the sale is incomplete as against third person, until they are weighed, counted or measured, because until then there is no delivery.  C. C. 2458; 12 Rob. 51; 21 A. 414; 1 Domat, p. 213, sec. 7; 15 A. 438; 10 A. 249; 17 A. 146.

The opinion of the Court was delivered by

FENNER, J.   The defendant is sued as surety upon a bond of indemnity given by him in a certain suit of Davis vs. Hodges, in the United States Circuit Court.

In that suit, the plaintiff, as lessor, sued the defendant, as lessee of certain real estate, and caused a writ of provisional seizure to issue, under which, the marshal seized sundry movables, including a large number of cross-ties which are the subject of the instant controversy.

Judgment was rendered for the rent claimed *with privilege upon the property provisionally seized.*

Execution was issued, under which the property, on which the privilege had been recognized, was seized and advertised for sale.

Thereupon, the present plaintiff notified the marshal that he was the owner of certain of the cross-ties seized and warned him against proceeding with the sale thereof, under penalty of damages.  On this claim, acting in supposed pursuance of section 3579, Revised Statutes, the marshal called upon the suing creditor for a bond of indemnity, which was accordingly furnished and on which this suit is brought.

Numerous objections are interposed to the validity of this bond, only one of which it is necessary to notice.

It is urged that the bond is non-judicial, because, the property having been seized in execution of a judgment recognizing a privilege thereon, the marshal had no discretion but was required by law to seize and sell it regardless of mere non-judicial claims by third parties, and could have incurred no responsibility therefor.

The position would have been impregnable as a ground for refusal, on the part of the seizing creditor, to furnish the bond of indemnity. Such refusal would not have justified the marshal in releasing the property seized, without being responsible to the creditors in damages for so doing, as provided by section 3581, Revised Statutes.

But, it is forcibly urged that, the creditor, having voluntarily furnished the bond, is estopped from now urging this objection to its validity, because his action misled the claimant and induced him to rely on the bond and to abstain from invoking other remedies.

The estoppel claimed seems well founded; but, however that may be, it cannot serve to enlarge the terms and conditions of the bond itself, or to extend the liability of the surety beyond their strict limits.

What are those terms and conditions?

They are clearly expressed in the law itself, which provides that the bond shall be "conditioned for the payment of such damages as the said *sheriff* (*marshal*) may sustain in case said seizure may have been illegally and improperly made." R. S. 3579.

The bond itself recites: "the conditions are that the obligors shall save, harmless, the said United States marshal and shall defend every suit or suits that may be instituted against him, and shall well and truly pay all damages or judgments, with interest and costs, that he may be made liable for, in consequence of his having seized and detained the aforesaid property."

Obviously, both under the law and the terms of the bond, the obligors are only liable for such damages as might have been recovered against the marshal on account of the seizure and sale of the property.

It is thoroughly settled in the law of this State that a sheriff cannot be made responsible for damages for executing a judgment, decreeing a privilege on certain property, by the seizure and sale of said property. In a case thoroughly similar to this, the Court said: "Defendants acted under a writ issued in conformity to a judgment decreeing a privilege on the vessel. They had no discretion and were obliged to follow the order of court. The mere notification by plaintiff, to them, of his property in the vessel, could not be regarded, when they had a writ informing them of the privilege and commanding them to execute the same. If there were any legal grounds of opposition, the plaintiff ought to have resisted the execution of the judgment by some one of the ways provided by law." Elmore vs. Hufty, 13 A. 227; Hunter vs. Bell, 14 A. 142; see also, Ran. vs. Katz, 26 A. 463.

The *fi. fa.* in the case before us, recited the judgment and the privilege recognized thereby, upon this property, then already in the marshal's custody under the writ of provisional seizure. He was bound to seize and sell it, unless restrained by judicial authority, and could have incurred no responsibility, in damages, therefor.

It follows, necessarily, that plaintiff's action on this bond must fail.

Judgment affirmed.

Rehearing refused.