**No. 1944.**
**Second Circuit Appeal.**

---

**EXCHANGE NATIONAL BANK v. PALACE CAR COMPANY; W. A. STEVENSON, Third Opponent.**

---

(November 6, 1924, Opinion and Decree.)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Chattel Mortgages— Par. 3.**
Where a chattel mortgage under Section 2 of Act 198 of 1918 incorrectly de-

scribes the motor number of an automobile to be mortgaged so as to make it impossible to identify the automobile, the mortgage has no effect as to an innocent third purchaser.

2. **Louisiana Digest—Judgment—Par. 215.**
No one is bound by a judgment of which he is not a party. Consequently he can attack it collaterally.

3. **Louisiana Digest—Execution—Par. 98.**
One does not have to enjoin the illegal sheriff's sale of his property in order to claim it. An intervention under Code of Practice, Art. 400, is sufficient. (See in re Immanuel Presbyterian Church, 112 La. 348; 36 South. 408.)

4. **Louisiana Digest—Execution—Par. 108.**
A sale, pending a third opposition, if the opposition be sustained, is null.

Appeal from the First District Court, Parish of Caddo, Hon. E. P. Mills, Judge.

This is a suit in which an automobile was incorrectly described in a chattel mortgage and sold pending an intervention filed by third opponent claiming to be an innocent purchaser.

. Judgment for Third Opponent; and plaintiff and defendant appealed.

Judgment affirmed.

Dickson & Denny, of Shreveport, attorneys for plaintiff and appellant.

J. H. Frank Gaskill, attorney for defendant and appellant.

Cook & Cook, of Shreveport, attorneys for W. A. Stevenson, Third Opponent and appellee.

PORTER, J. The plaintiff Bank obtained judgment on a note executed by the defendant Company, and secured by a chattel mortgage on several automobiles. It alleged that its said mortgage covered a "certain 6-48 wire-wheel roadster, bearing Motor No. 50795, said automobile being manufactured by the Moon Motor Car Company", and prayed for a writ of sequestration of said car, which was sequestered and advertised for sale.

W. A. Stevenson intervened, and by third opposition claimed the ownership of the said car, and prayed that he be decreed the owner thereof, and that the Sheriff be ordered to restore the same to his possession. He did not enjoin the sale, however, and the Sheriff proceeded to sell the car and applied the net proceeds to the plaintiff's judgment.

The third opposition was subsequently tried and sustained, the judgment decreeing that plaintiff's chattel mortgage did not attach to the seized car, and ordering the Sheriff to restore it to the third opponent. The plaintiff Bank has appealed.

It cannot be successfully disputed that the Palace Car Company took the car in dispute to Claiborne Parish, and placed it in the hands of Baucum and Stewart, to be sold, and that Dr. Stevenson, third opponent, bought it in good faith, and paid a sound price for it.

The first question is whether the chattel mortgage attached to it was described in the mortgage as "One 6-48 wire-wheel roadster, Motor No. 50795, said car being manufactured by the Moon Motor Car Co." The motor number of the car in controversy is 43075. When Dr. Stevenson purchased the car in Haynesville, the clerks of the District Courts of Claiborne and Caddo Parishes, where the mortgage was recorded, were called up by phone and were asked if there was any mortgage on the car, described by the correct motor numbers, and both replied in the negative. It is clear, we think, that the car was not described in the mortgage, so as to make it possible to identify it (Section 2 of Act 198 of 1918) and hence that as to an innocent third purchaser, it can have no effect.

The principal ground upon which plaintiff's attorneys appear to rely is an exception of no cause of action and a plea of estoppel which they filed.

The first exception is founded upon the proposition that at the time the judgment appealed from was rendered, the matters at issue had been settled by a final judgment in favor of the plaintiff, and, hence, that said judgment cannot be collaterally attached, while the plea of estoppel rests upon the familiar rule that one who stands by, without protest, and sees his property sold, cannot afterwards attack the sale.

In answer to the first exception, it suffices to say that the intervenor is an utter stranger to the suit in which the first judgment was rendered, and is therefore not bound by it. Moreover, the third opponent's contention is that that judgment, which enforced the plaintiff's privilege on a "6-48 wire-wheel roadster, bearing Motor No. 50795, has no reference to third opponent's car, which bears motor number 43075.

And as to the plea of estoppel, it is without merit, because the third opponent was, at the very moment of the sale, protesting in the most solemn manner (by a suit in court) against the sale of his property. The logic of counsel's argument on this plea is that a third person whose property is about to be sold for the debt of another, must either enjoin the sale, or forever thereafter hold his peace. The law is not so. It expressly authorizes the identical proceedings which the third opponent followed in this case. Code of Practice, Art. 400.

The judgment is correct, and is therefore affirmed.