## No. 2650

### Second Circuit

## STEVENSON v. EXCHANGE NATL. BANK ET AL.

(March 14, 1928. Opinion and Decree.)
(May 22, 1928. Rehearing Granted.)
(January 21, 1929. Opinion and Decree on Rehearing.)
(March 12, 1929. Rehearing Refused.)
(See Exchange National Bank vs. Palace Car Co., 1 La. App. 307.)

Cook and Cook, of Shreveport, attorneys for plaintiff, appellee.

Dickson and Denny, of Shreveport, attorneys for defendant, appellant.

WEBB, J. The Exchange National Bank, on the 17th day of July, 1922, proceeded against the Palace Car Company via ordinaria to foreclose a mortgage on an automobile, in which proceeding a writ of sequestration was isssued and the automobile seized in the possession of W. A. Stevenson, and on July 24, 1922, judgment was rendered in favor of the Exchange National Bank on the answer of the Palace Car Company for the amount claimed with recognition of the mortgage, maintaining the sequestration and ordering the property seized and sold, and the proceeds applied to the payment of the judgment, under which a writ of seizure and sale was issued.

W. A. Stevenson filed with the sheriff an affidavit claiming ownership of the automobile, and on August 4, 1922, the Exchange National Bank gave the sheriff an indemnity bond in the sum of twenty-nine hundred and twenty-eight dollars, and on the 19th of August, 1922, W. A. Stevenson filed an intervention and opposition claiming the ownership of the automobile, which was sold by the sheriff on that date under the writ above referred to, for the sum of twelve hundred and fifty dollars, the proceeds being delivered to the Exchange National Bank.

The opposition of W. A. Stevenson was subsequently tried, and on the 14th of April, 1923, judgment was rendered decreeing opponent the owner of the automobile, and rejecting the demands of the Exchange National Bank for recognition of its asserted mortgage thereon, and ordering the automobile delivered to opponent, from which judgment the sheriff, the Exchange National Bank, and the Palace Car Company appealed suspensively, giving an appeal bond in the sum of fifteen hundred dollars, dated April 17, 1923, with E. C. Payne as surety, and the judgment being affirmed on appeal, opponent caused to be issued a writ of possession on which demand was made against the Exchange National Bank, without result, and return was made accordingly.

The present suit by W. A. Stevenson, was filed on April 25, 1925, against the Exchange National Bank and E. C. Payne for damages resulting from the seizure and sale of the automobile, consisting of attorney's fees incurred on the trial of the opposition and the alleged value of the automobile, the action being apparently based upon the general law and upon the indemnity bond, and, in the alternative, on the appeal bond, for the value of the car, and, in a second alternative, to recover the proceeds of the sale of the automobile paid over by the sheriff to the Exchange National Bank, as under a quasi contract.

The defendants filed exceptions of no cause of action and pleas of prescription of one year, which being overruled, they filed an answer in substance pleading a general denial, and the cause was tried on a statement of fact which embodied, in substance, the facts stated above, and further showed that the automobile had cost plaintiff fourteen hundred and sixty-four dollars and that counsel representing W. A. Stevenson in the opposition was present when the sale of the automobile was made by the sheriff, but that he was represent-

ing someone else, and that W. A. Stevenson had obligated himself to deliver to third persons the amount recovered above one hundred dollars, on which latter facts the defendants filed a plea of estoppel, and the cause being submitted, judgment was rendered against defendants in solido for the sum of twelve hundred and fifty dollars, with interest, from which defendants have appealed.

While the plaintiff apparently bases his right to recover upon several causes of action, the only one which is pressed is the first or primary cause, and as plaintiff does not cite any authority in support of the alternative demands and as we have been unable to find any authority which would, under the admitted facts, warrant judgment on the alternative demands, we consider the alternative demands as waived and shall confine our opinion to the primary demand or cause of action, which appears to have been the basis of the judgment.

The evidence, as stated, shows that the seizure and sale of the automobile was made under a judgment recognizing a mortgage thereon and ordering it to be seized and sold, and the sheriff acting under a writ issued thereon did not incur any liability and did not have the right to demand of the plaintiff in execution an indemnity bond.

In Foucher vs. Kenner, 35 La. Ann. 149, it was held:

"A sheriff or United States marshal cannot be made responsible, in damages, for executing a judgment, recognizing a privilege on property provisionally seized in the suit, by the seizure and sale of the property.

"Where, in such a case, upon the demand of a third person claiming ownership of the property, an indemnity bond has been furnished, conditioned for the payment of such damages as might be recovered against the marshal in consequence of such seizure, the surety on such bond cannot be held for any damage other than those for which the marshal might have been liable, and, inasmuch as the marshal could be responsible for none, the action must fail."

In the cited case, the indemnity bond had been given by the plaintiff in execution, and the suit was against him by the person to whom the bond had been assigned, and we are of the opinion that the ruling in that case is applicable to the present, and the plaintiff here did not acquire any rights under the bond as against either the Exchange National Bank, principal, or E. C. Payne, surety on the indemnity bond.

The sale of the automobile was made on August 19, 1922, and more than one year had elapsed from that date to the time the present suit was filed, and if the conversion was of the date of the sale, the action for damages resulting therefrom was prescribed at the time the present action was filed. (Edwards vs. Turner, 6 Rob. 382; Anty vs. Adle, 9 La. Ann. 490; DeLizardi vs. N. O., etc., Banking Co., 25 La. Ann. 416; Liles vs. Barnhart, 152 La. 419, 93 So. 490; Liles vs. Producers Oil Co., 155 La. 385, 99 So. 339); unless the course of prescription was interrupted or suspended by the suit or opposition to the sale, under which the opponent asserted title to the property.

In Edwards vs. Turner, supra, where it was contended that prescription did not run as to the claim for damages resulting from the seizure during the pendency of an action involving the title as between the plaintiff in execution and the owner of the property seized, it was said:

"Article 3537 (3502) C. C., which immediately follows that creating the prescription of one year in cases of offences and quasi-offences, provides, that such prescrip-

tion shall run from the time when the damage was sustained. * * * Notwithstanding the pendency of his intervention, the plaintiff in this suit could have brought his action in damages within the time required by law, and was not obliged to await the final decision of this court on his right to the property seized. * * * Under the positive provision of the Code, which declares that prescription must run from the time the injury was sustained, we do not feel authorized to fix any other terminus a quo."

And the same ruling was made in De-Lizardi vs. N. O., etc., Banking Co., supra; and while in those cases the claim was for damages resulting from the seizure and not for the conversion of the property, we think the same rule is applicable in either, as in Liles vs. Barnhart, supra, the Court said:

"That one cannot sue until his cause of action accrues, is scarcely debatable. However, prescription begins to run from the moment it does accrue, and unless suit be brought within the prescriptive period, the action is barred, unless for some legal reason prescription should be interrupted or suspended. Prescription, in such cases, is interrupted by petition and citation served on the debtor or by his acknowledgment of the debt. The petitory action, instituted by plaintiffs, did not interrupt prescription on the demand herein, for the value of the oil and gas, for the reason that the petition, in that suit, contained no such demand, but only a mere reservation of the right to sue therefor, which is insufficient."

We are therefore of the opinion that the plaintiff did not acquire any rights under the indemnity bond, and the claim for damages was prescribed; and his demands should have been rejected.

It is therefore ordered that the judgment appealed from be annulled, avoided and reversed, and that it be now ordered, adjudged and decreed that plaintiff's demands be rejected at his cost.

ON REHEARING.

ODOM, J. A further consideration of this case has convinced us that our former decree, reversing the judgment of the lower court, is erroneous.

Our former holding is based upon two propositions; first, as stated by the organ of the Court:

"The evidence, as stated, shows that the seizure and sale of the automobile was made under a judgment recognizing a mortgage thereon and ordering it to be seized and sold, and the sheriff acting under a writ issued thereon did not incur any liability and did not have the right to demand of the plaintiff in execution an indemnity bond;"

and second, that plaintiff's action had prescribed.

It is true, as we held, that where a sale is made by the sheriff under a judgment recognizing a mortgage on the property sold, and the sheriff acts under a writ issued thereunder, he does not incur any liability and he does not have a right to demand of the plaintiff an indemnity bond. Of course, if the sheriff has no right to demand an indemnity bond, a bond demanded and obtained by him from the seizing creditor is null and void.

In the case of Foucher vs. Kenner, 36 La. Ann. 149, it was held, on sound reason, that:

"A sheriff * * * cannot be made responsible, in damages, for executing a judgment recognizing a privilege on property provisionally seized in the suit, by the seizure and sale of the property."

But that holding is not applicable to the case at bar for the reason that there was no judgment recognizing a privilege on the automobile seized and the sheriff had no order to seize and sell it. That

point was definitely settled in the suit of Exchange National Bank vs. Palace Car Company, No. 32,906, 120 So. —, wherein the present plaintiff, W. A. Stevenson, intervened by way of third opposition, claiming the ownership of the car.

The suit of Exchange National Bank vs. Palace Car Company, No. 32,906, was on a debt secured by chattel mortgage on one certain "6—48 wire-wheel roadster, bearing motor No. 50,795", that being the identical description of the car set out in the act of mortgage. The Court ordered a car of that description sequestered, and, according to the sheriff's returns, he seized and took into his possession, while in the hands of Stevenson, one "6—48 wire-wheel, Moon roadster, Motor No. 50,795".

On July 22, 1922, there was judgment for plaintiff, sustaining the writ of sequestration and recognizing plaintiff's "special chattel mortgage, lien and privilege against the said '6—48 wire-wheel roadster, bearing Motor No. 50,795'" and ordering said car sold to satisfy plaintiff's judgment.

The car which the sheriff had seized was seized while in the hands of Stevenson, but, before the sale, Stevenson, the present plaintiff and third opponent in suit No. 32,906, protested the sale and made affidavit that he owned the car seized. Whereupon, the sheriff required of and obtained from the seizing creditor an indemnity bond with surety, under Section 3579 of the Revised Statutes, as amended by Act 37 of 1882, page 50, conditioned upon the seizing creditor's paying to the sheriff all "such damages and costs as may be recovered against him by the said W. A. Stevenson, in the event the said Stevenson is declared to be the owner of said property." The sheriff then, in accordance with Section 3580 of the Revised Statutes, assigned said bond to W. A. Stevenson, and proceeded with the sale of the car, which brought at public auction $1250, and which amount was paid over to the seizing creditor to apply on its judgment against the Palace Car Company.

Stevenson, without enjoining the sale, intervened by way of third opposition, setting up that he was the owner of the car free from any lien or encumbrance whatsoever; that he purchased the same from Baucum & Stewart, of Haynesville, Louisiana, and paid therefor $1,464 cash, and that at the time he purchased it, there were no recorded mortgages against it and further alleged that the seizing creditor had obtained judgment against the Palace Car Company "recognizing a chattel mortgage upon a Moon, wire-wheel roadster, bearing No. 50,795, and that under the said judgment, plaintiffs have caused your petitioner's car, bearing Motor No. 43,075, to be seized." He prayed for judgment decreeing him to be the owner of the Moon roadster, Motor No. 43,075, and decreeing that said car "was not subject to seizure as the property of defendants (Palace Car Company), dismissing plaintiff's claim to a chattel mortgage or to a lien thereon, and ordering that same be forthwith restored to the possession of petitioner."

In answer, the Exchange National Bank admitted the seizure of the car in the hands of Stevenson, but denied that the car seized was the property of Stevenson, and "shows that Motor No. 43,075 is incorrect and is not the number of the car seized."

The issues presented by Stevenson's intervention and opposition hinged upon the identity of the car seized—Stevenson contending that the sheriff had seized property which belonged to him and which was

not mortgaged, and that the Court had not recognized a mortgage and privilege on the car which was actually seized by the sheriff and the further contention that Stevenson had purchased the car free from any lien or mortgage. On those issues the case was tried, and on April 14, 1924, there was judgment for Stevenson, intervener, "decreeing the intervener to be the owner of that certain wire-wheel Moon roadster, bearing Motor No. 43,075, and being the same car seized herein by the plaintiff under execution against the defendant (Palace Car Company); it is further ordered, adjudged and decreed that the plaintiff's demands for recognizing its chattel mortgage upon the said car, as against the intervener, be rejected, and said plaintiff (Exchange National Bank), defendant (Palace Car Company), and the sheriff of Caddo Parish are ordered to restore to intervener the possession of said car."

The Exchange National Bank appealed suspensively to this Court, and gave bond conditioned according to law. The judgment was affirmed (See Exchange National Bank vs. Palace Car Company; W. A. Stevenson, third opponent, 1 La. App. 307.)

Therefore, the question as to whether the seizing creditor had a mortgage and recognition of a privilege on the car seized, and as to whether it was owned by the seized debtor or Stevenson, has been definitely and finally settled in favor of Stevenson. It follows, therefore, necessarily, that we must now hold that the sheriff, in executing a process of the Court, seized property, not only claimed by but adjudged to belong to third opponent, Stevenson. So that the indemnity bond which the sheriff took from the seizing creditor, Exchange National Bank, "conditioned for the payment of all damages which the sheriff

may sustain in case such third person should be adjudged to be the owner of said property," which bond was duly assigned to W. A. Stevenson, the plaintiff in the present suit, is a valid and binding obligation upon the bank and its surety to pay to Stevenson whatever damages the sale of the property may have caused him, which the lower court correctly held to be $1250.00.

Under Article 400 of the Code of Practice, the sale of the car by the sheriff was null and, but for the indemnity bond which he took, the sheriff would be personally responsible for the damages. The effect of the bond, however, was to shift the responsibility from the sheriff to the seizing creditor.

After the judgment recognizing Stevenson as the owner of the car seized and ordering it restored to his possession had become final, he procured the issuance of a writ of possession commanding the sheriff "to place W. A. Stevenson, Intervener and Third Opponent * * * in full and complete possession of * * * a certain wire-wheel, Moon roadster, bearing Motor No. 43,075, and being the same car seized in this suit by the plaintiff, Exchange National Bank, under execution against the defendant, Palace Car Company."

The sheriff in his return on the writ certified that he had called upon the bank, through its president, to produce the car, and upon its failure to do so, he had made search for the same and found that it was released to the bank by virtue of an indemnity bond on August 10, 1922, and he returned the writ to the Clerk's office.

By the present suit, W. A. Stevenson seeks to recover on the indemnity bond which was assigned to him by the sheriff.

Our former decree rejected his demand on the ground that the sheriff, in making the sale, was acting under an order of Court which protected him for which reason he had no right to demand of the seizing creditor an indemnity bond, and that the bond given was null; but it is shown by the record that the car on which the bank claimed a mortgage and lien and which was alleged to be the property of its debtor, the Palace Car Company, and which the sheriff was ordered to seize and sell, had Motor No. 50,795, and that the car which he actually seized and sold had Motor No. 43,075, and belonged, not to the seized debtor, but to Stevenson, a third person—a stranger to the original proceeding.

It is suggested that the car which the Palace Car Company intended to mortgage to the bank and upon which the Court recognized the lien and ordered sold, and which the sheriff did seize and sell, is the identical car which Stevenson claims, and that the confusion arose over an incorrect description of the car, and that the purport of the Court's judgment on the opposition of Stevenson is that the chattel mortgage was invalid for lack of correct description. Be it so, the results, so far as the present suit is concerned, are the same. The burden of Stevenson's complaint from the time he made the affidavit to the end of the lawsuit was that the sheriff had seized property which belonged to him, and not to the seized debtor, and that he owned the car, free from any lien or encumbrance whatsoever, and it was so adjudged by the Court. If it be conceded, therefore, that the mortgage was intended to cover the identical car, the fact remains, as held by the Court, that it did not, because the description was insufficient. Dr. Stevenson purchased the car from Baucum & Stewart, not the mort-

gagee, and paid cash for it. Before doing so, he called by phone the Clerk of the District Court of both Claiborne and Caddo Parishes, where the mortgage was recorded, and asked if there was a mortgage on the car with Motor No. 43,075, the correct number, and received negative replies. In the case, as reported in Exchange National Bank vs. Palace Car Co., 1 La. App. 307, the Court held, to quote:

"It is clear, we think, that the car was not described in the mortgage, so as to make it possible to identify it (Section 2 of Act 198 of 1918), and hence that as to an innocent third purchaser, it can have no effect."

In our former opinion, we held that the plea of prescription of one year interposed by the bank was good, and sustained it. But that holding was based upon the finding that the indemnity bond was void, and that, therefore, plaintiff's action was not *ex contractu*, but was one for the value of property wrongfully taken and appropriated, which action, it was held in Liles vs. Producers Oil Company, 155 La. Rep. 386, 99 So. 342, "is not distinguishable from an action as for a tort or quasi offense and is prescribed in one year from the time knowledge is received by plaintiff of such wrongful appropriation." (See Liles vs. Barnhart, 152 La. Rep. 419, 93 So. 490; DeLizardi vs. New Orleans Canal & Banking Company, 25 La. Ann. 414.)

In Edwards vs. Turner, 6 Rob. 382, it was held that an attachment of property of a third person as belonging to a defendant is a quasi offense, and that the action by the owner for damages is prescribed in one year from the seizure and not from the date of the judgment establishing the title of the owner. The same was held in the case of DeLizardi vs. New Orleans Canal & Banking Company, supra. The present suit is primarily on the indemnity

bond which was valid. The action, therefore, is *ex contractu* and is not prescribed by one year.

Lastly, the bank interposed a plea of estoppel based upon the ground that attorneys, Cook & Cook, who now represent Dr. Stevenson, were present at the public sale of the car and made no protest. The agreed statement of facts, however, shows that Dr. Stevenson was not present at the sale and that Cook & Cook were not at the sale representing Stevenson, but were representing Baucum & Stewart. A plea of estoppel based on the same facts was urged in the case when it was before the Court on the opposition of Stevenson, and was disposed of by the organ of this Court (See Exchange National Bank vs. Palace Car Co., 1 La. App. 307), in these words, which we adopt:

"And as to the plea of estoppel, it is without merit, because the third opponent was, at the very moment of the sale, protesting in the most solemn manner (by a suit in court) against the sale of his property. The logic of counsel's argument on this plea is that a third person whose property is about to be sold for the debt of another, must either enjoin the sale, or forever—thereafter hold his peace. The law is not so. It expressly authorizes the identical proceedings which the third opponent followed in this case. C. P., Art. 400."

It is not necessary to pass on plaintiff's first alternative plea, because we hold that plaintiff is entitled to recover on the indemnity bond.

For the reasons assigned, it is now ordered, adjudged and decreed that the judgment of the District Court appealed from be affirmed, with costs.

WEBB, J., concurs in the result, being of the opinion, however, that liability is on the appeal bond, in which the Exchange National Bank bound itself to comply with the judgment ordering it to deliver the property to plaintiff, and in default of delivery it was bound to respond for the value of the property, and section 7, Act No. 112 of 1916, permitting the surety to be sued with the principal, the value of the property could be fixed in an action on the bond.