### In re HIDALGO.

#### No. 6836.

United States District Court
W. D. Louisiana, Opelousas Division.

Feb. 22, 1951.

---

Felix A. DeJean, Jr., Opelousas, La., for Pacific Finance Co.

Vincent Moseley, Opelousas, La., for creditors filing opposition.

DAWKINS, Chief Judge.

Pacific Finance Company (called Pacific) proved and filed its claim upon a chattel mortgage for money loaned upon an automobile, wherein the motor and serial number were correctly given, but the make was stated as a "Ford," when in reality it was a "Chevrolet" automobile. Before an attorney for the trustee had been appointed, some twenty-six ordinary or unsecured creditors of the bankrupt estate filed an opposition to the lien claimed under the chattel mortgage (not to the correctness of the claim) on the ground of the insufficiency of the description to identify the vehicle under the state law. Counsel for Pacific moved to dismiss the opposition for the reason, as it was then and is now contended, the trustee alone had the right to oppose claims on behalf of the general creditors. The Referee overruled the motion to dismiss, and after hearing, disallowed the lien. Pacific seeks a review.

At the trial below, the trustee testified that he had discussed with the attorney for the creditors the filing of the opposition

to the lien, and although an attorney himself, none had been appointed to represent him officially, and he had determined not to list the claim as secured by the mortgage. Both he and his attorney further testified that they concurred fully and approved the action of the opposing creditors.

Inasmuch as the ground of opposition to the lien appears to be serious, it is felt that in order to avoid the necessity of remanding the case to the Referee or to leave the matter subject to further attack by appeal from this court on that ground, the trustee should be permitted and he is directed, if he concurs with the course pursued by the creditors, to join in the opposition in this court by filing appropriate pleadings for that purpose. It is not believed that any other circumstance makes it necessary to remand the matter to the Referee or that the suggested action in any wise prejudices the interest of Pacific in the merits of the case. In this way the ends of justice can be best served. When the course suggested has been complied with, the case can again be submitted upon the same record and briefs for disposition of the petition for review.