**In re HIDALGO.**

Bankr. No. 6836.

United States District Court

W. D. Louisiana, Opelousas Division.

April 17, 1951.

784

L. Austin Fontenot, Jr., Opelousas, La., for Bankrupt.

Hugh Thistlethwaite, Opelousas, La., for Trustee.

Vincent Moseley, Opelousas, La., for Creditors.

Felix A. DeJean, Jr., Opelousas, La., for Pacific Finance Co.

DAWKINS, Chief Judge.

On consideration of the various issues raised by the petition for review in this case, the court on February 22 last filed a memorandum, 95 F.Supp. 729, permitting and directing the trustee, for the reasons therein stated, to join the general creditors in their opposition to the lien of the Pacific Finance Company. This has been done by intervention filed February 26. Thereafter, no further action having been taken by either side, at the court's direction, the Clerk on March 21, 1951, addressed a communication to counsel for all parties asking if they wished to file further briefs. Counsel have replied in the negative, and the court will, therefore, now considered the merits of the opposition.

The facts are undisputed that the chattel mortgage, executed for the purpose of securing a loan made by the Finance Company at the time, described the vehicle as a "Ford," when in reality it was a "Chevrolet," having the identical serial and engine numbers used. The question is, did this sufficiently identify and describe the automobile within the meaning of the state statute. This statute was referred to and quoted in Re Ratcliff, D.C.1932, 2 F.Supp. 193, was not substantially changed in the Louisiana Revised Statutes of 1950, Title 9, Section 5352, LSA–RS 9:5352, nor by a later amendatory act, Louisiana Act 516 of 1950, and need not be repeated here. In that case, the automobile was described in the chattel mortgage was "one Packard Coupé Automobile, color dark brown, 1929 model", which was found insufficient to distinguish it from thousands of others of that type, color and model put out in 1929 by that company. In the present case, anyone examining the chattel mortgage records for encumbrances on the car involved here would not find anything against a Chevrolet but a purported lien against a Ford. Such person could scarcely be required under those circumstances to check motor and serial numbers for the purpose of seeing if someone else had made a mistake, in which event he would be confronted with the necessity of speculating if such a mistake was in the make of the car or in such numbers.

Prior to the amendment of 1910 of the Bankruptcy Law, 11 U.S.C.A. § 75, usually referred to as the "strong arm clause," the trustee on election simply stepped into the shoes of the bankrupt, with the result that as between him and general creditors, third persons or creditors holding a lien, whether recorded or not, would be in a preferred position. However, the amendment of 1910 changed this and gave the trustee a position described as follows: "The trustee, as to all property in the possession or under the control of the bankrupt at the date of bankruptcy or otherwise coming into the possession of the bankruptcy court, shall be deemed vested as of the date of bankruptcy with all the rights, remedies, and powers of a creditor then holding a lien thereon by legal or equitable proceedings, whether or not such a creditor actually exists; and, as to all other property, the trustee shall be deemed vested as of the date of bankruptcy with all the right, remedies and powers of a judgment creditor then holding an execution duly returned unsatisfied, whether or not such a creditor actually exists."

The consequences are that, as the representative of general creditors, the trustee occupies the same position, in effect, as a subsequently recorded valid lien creditor, and must prevail over the Finance Company. See: Exchange National Bank v. Palace Car Co., 1924, 1 La.App. 307; Val-

ley Securities Co., Inc., v. Stafford, 1928, 8 La.App. 607; Stevenson v. Exchange National Bank, 1929, 10 La.App. 179, 120 So. 96; and Valley Securities Co., Inc., v. De Roussel, 1931, 16 La.App. 115, 133 So. 405.